Emory Morgan v. H. L. Stringer.

No. 5616.   Decided March 18, 1931. .
(36 S. W., 2d Series, 468.)

*Walsh & Smith,* for appellant.

We contend that the testimony of W. A. Freeland was not admissible for any purpose over the objections made by the defendant, Emory Morgan. It was not admissible as substantive testimony because it was purely hearsay. It was not admissible for impeachment purpose because Freeland had not given any affirmative testimony injurious to plaintiff's cause. He simply failed to remember and failed to give the beneficial testimony plaintiff wanted him to give. He failed to make out plaintiff's case. Even if appellee's counsel had made the proper showing that he was surprised and misled by the witness' failing to remember, he could not have introduced this affidavit for the purpose of impeaching the witness, but in addition to this, appellee sought to introduce this affidavit without giving any reason whatever as to whether he was misled or surprised. Truth of the matter is, the record shows that appellee's counsel knew that this witness, Freeland, had given appellant an affidavit in which he stated he did not remember whether he had told Morgan anything about the Stringer lien or not. His testimony on the trial was practically the same as that contained in the affidavit the witness had given appellant in question and answer ,form (S. F. 57). The record shows that appellee's counsel must have known about this affidavit, because before the trial started, counsel for appellee filed a motion to suppress this affidavit (Tr. 13 to 14), and the court made an order suppressing the affidavit or deposition, as it was called. Certainly it would not be contended by appellee, we suppose, that this affidavit or deposition was not before the court when the hearing was had, and that appellee was familiar with its content. If it had not contradicted his own affidavit, of course, he would have no reason for wanting it suppressed.

*Mathis & Caldwell,* for appellee.

Morgan having failed to request that the affidavit filed herein be limited to any particular purpose, he cannot now complain that the jury might have considered same for some other purpose. Burrell Engineering & Construction Co. v. Griser, 240 S. W., 899 (Supreme Court); Kampmann v. Cross, 194 S. W., 437 (writ refused); Blum Milling Co. v. Moore-Seaver Grain Co., 277 S. W., 78 (Com. App.); Jordan v. Johnson, 155 S. W., 1194.

This court will bear in mind that Freeland, the maker of the affidavit involved herein, was a party defendant to this suit, he was an adverse party to the plaintiff and had been sued by the plaintiff, and it was necessary that the plaintiff recover judgment against Freeland, before plaintiff could, in any manner, effect the asserted lien held by Emory Morgan.

Therefore the non-impeachment rule of a party's own witness, sought to be invoked by Emory Morgan has no application whatsoever. See Guaranty Bond State Bank v. Duncan, 19 S. W. (2d) 400 (application for writ of error dismissed by the Supreme Court).

It is also intimated in the majority opinion of the Court of Civil Appeals in this case that since Freeland was placed upon the witness stand by Stringer, admitted making the affidavit involved herein, that he could not then be impeached by the introduction of the affidavit in evidence.

In the case of McCarthy v. Valdez, 10 S. W. (2d) 1051, writ of error dismissed by the Supreme Court, the Court of Civil Appeals at Austin held, that even though the witness admits making a prior contradictory statement, nevertheless, the prior contradictory statement may be introduced in evidence; the court held:

"But, aside from the fact the court was warranted in admitting the evidence, the fact that Hugle admitted he made a statement to Platt contrary to his testimony on the trial of the case did not alter the impeaching character of the testimony. The admission may have relieved appellee of the necessity of introducing Platt's impeaching testimony, but, since he did so, we do not feel that it is of sufficient consequence to reverse the case, if error, which we do not concede."

See also Cross v. McKinley, 16 S. W., 1023; Edwards v. Osman, 19 S. W., 868.

Clearly a party has a right to offer in evidence statements made by the witness contradictory to his testimony given during the trial of the case. The following Texas cases announce this rule: Lantham v. Jordan, 17 S. W. (2d) 805 (Com. App.); Jordan v. Johnson, 155 S. W., 1194; Southwestern Coal & Improvement Co. v. Rohr, 39 S. W., 1017 (writ denied); Dallas Consol. Electric St. Ry. Co. v. McAllister, 90 S. W., 933, and authorities there cited; Morgan v. Fleming, 133 S. W., 736 (writ denied); Western Union Telegraph Co. v. Vickery, 158 S. W., 792 (writ refused); Sparks v. Johnson, 235 S. W., 975; Brenard's Inc. v. Austin, 300 S. W., 256 (writ refused); Gulf C. & S. F. Ry Co. et al. Harrell et al., 270 S. W., 187.

Mr. Presiding Commissioner HARVEY delivered the opinion of the court.

The Court of Civil Appeals has submitted a certificate containing a certified question. The material portions of the certificate read as follows:

"W. A. Freeland executed two mortgage liens on a lot situated in the City of Wichita Falls; the first being in favor of H. L. Stringer, the second being in favor of Emory Morgan. The second mortgage was executed and duly recorded before the first mortgage was filed for record.

"This suit was instituted by Stringer to foreclose his mortgage; Freeland the maker and also Morgan being made parties defendant. Morgan

filed an answer in which he alleged he was an innocent lien holder without notice of Stringer's prior mortgage, and he prayed for a foreclosure of his lien against Freeland and also against Stringer as a preference lien. Freeland filed no answer, either to Stringer's suit or to Morgan's suit and judgment by default was rendered against him in favor of both of those lien holders.

"The issue of priority of Stringer's and Morgan's liens was tried before a jury who returned findings to the effect that Morgan had actual notice of Stringer's lien at the time his lien was taken, and upon such findings the court rendered a judgment establishing Stringer's lien as superior to that of Morgan's, and foreclosing both liens with directions that the proceeds of sale be applied first to Stringer's lien before satisfaction of Morgan's lien.

"Morgan has prosecuted an appeal to this court from that judgment.

"Upon the trial the plaintiff introduced the note and mortgage executed by Freeland in his favor. Plaintiff's trustee then testified on cross-examination that Stringer's mortgage was not filed until after Morgan's lien had been recorded. The plaintiff then rested.

"Morgan then introduced his note and mortgage and testified that he paid a valuable consideration therefor and took the same in good faith without any notice of Stringer's mortgage; and further that before taking his lien he had the mortgage records of Wichita county duly examined and found no other prior lien against the property.

"Plaintiff then introduced Freeland to prove that Morgan did have actual notice of the first mortgage at the time the second was taken. As shown in a bill of exception appearing in the transcript, without any objection on the part of Morgan's counsel to leading questions, Freeland on direct examination testified in varying and contradictory terms, stating repeatedly that he did not remember whether or not he told Morgan of Stringer's lien at the time the second mortgage was executed, while many of his answers were inferentially of a contrary import. The plaintiff's counsel then exhibited to the witness an affidavit made by the witness on the 28th day of September, 1928, some four months prior to the date of the trial, which contained the statement that at the time the witness gave to Morgan his lien he told Morgan that that lien was inferior and subject to Stringen's lien which had heretofore been executed.

"The witness admitted his signature and verification of the affidavit. He was then questioned by plaintiff's counsel at length, some of the questions being as follows:

"Q. Did you sign and swear to this before Mr. Ginnell on the 28th day of September, 1928?

"A. I signed it.

"Q. Is what is stated in there true?

"A. I would not swear whether it is true or not, I signed it, because

they insisted on me signing it; but whether every word in there is true, I won't swear.

"Q. But you swore to it before Ginnell and told him that was the truth.

"A. Well part of it is, I would not swear to it.

"Q. Which part is true, which part is not true that you swore to before this suit was filed?

"A. I cannot say which one of the Morgans I talked to.

"Q. What did you talk about?

"A. About this property.

"Q. About Stringer's lien?

"A. Well we talked about all the properties and the liens against them.

"Q. Did you mention to any of the Morgans that Stringer had a lien on his property?

"A. I suppose everybody knowed it.

"Q. I want to know if you told them that, did you?

"A. Well, I do not know just what I said about it.

"Q. Did you tell them that?

"A. I could not testify whether we talked about it or not.

"Q. Now after you signed this deed of trust to Emory Morgan, did you ever talk to Mr. Morgan about the Stinger lien?

"A. Yes, it seems like we talked about it.

"Q. What did you say about it?

"A. I don't remember.

"Q. Did you mention the Stringer lien?

"A. No sir, I never mentioned it.

"The plaintiff then offered the affidavit referred to in the testimony, which reads as follows:

"September 26, 1928.

"Mr. H. L. Stringer,
Wichita Falls, Texas.
Dear Sir:

"On the 14th day of April, 1927, I executed a deed of trust in your favor for $1000.00 giving as security a lien against the following property in the city of Wichita Falls, Texas. A portion of Block No. "A" Kemp's west end addition to Wichita Falls, Texas.

"I stated to you at the time that there was no lien against the above property.

"At a later date a deed of trust was given to Emory Morgan for Morgan Lumber Company in the sum of $2000.00 on the same property and at the time I gave such lien to said Morgan I stated to him that it was a second lien subject and inferior to said lien above mentioned, given

to said H. L. Stringer, and therefore they had notice that your lien existed at the time.

"I here and now after being duly sworn state that the above statement is true and correct to the best of my knowledge and belief.

"W. S. Freeland

"State of Texas            )
County of Wichita,        )

"Before me the undersigned authority, a Notary Public in and for Wichita County, Texas, on this day personally appeared W. A. Freeland known to be to be a credible witness and after being duly sworn by me stated that the above statement was true and correct.

"Given under my hand and seal of office this the 28th day of September A. D. 1928.

"L. E. Junell,
(Seal)                    Notary Public Wichita County, Texas.

"To the introduction of the affidavit the defendant Morgan objected on the following grounds:

"That it was an ex-parte statement made by a party adverse to Emory Morgan—not made in his presence and made by a witness introduced on behalf of the plaintiffs and was hearsay as to defendant, Emory Morgan and was an attempt by the plaintiff to impeach his own witness and that the witness had testified in person fully on both direct and cross-examination as to the facts therein contained.

"On a former day the majority of this court sustained appellants assignment of error to the introduction of Freeland's affidavit and reversed and remanded the cause for another trial. * * * The majority concluded that plaintiff could not introduce the affidavit even for impeachment purposes since the witness had given no testimony on the witness stand which disproved plaintiff's case. His testimony, which was often repeated, to the effect that he did not remember whether or not he had told Morgan of the prior lien at the time the second mortgage was given was negative in its character, and did not tend to refute plaintiff's allegation of actual notice to Morgan of the prior mortgage. The rest of Freeland's testimony was favorable to the plaintiff. Although Freeland was a defendant in the case, yet in the opinion of the majority he was not a hostile witness to plaintiff's suit and not interested in the issue between the two lien holders, since he had suffered default judgments in favor of both. Justice Buck dissented from that holding; it being his opinion that the assignment should be overruled and the judgment of the trial court affirmed. * * *

"Stringer has filed a motion for rehearing which is pending in this Court and has also made application for a certification of the case to the Supreme Court by reason of the different conclusions reached and noted above. The motion to certify has been granted, and we now here certify

to your Honors, the question whether or not the assignment of error to the introduction of the affidavit of Freeland should be sustained or overruled. * * *."

The affidavit in question is, of course, incompetent to prove the truth of the statements contained therein; no contention to the contrary is urged. But counsel for Stringer insists that said statements are admissible in evidence, in Stringer's behalf, for impeachment purposes. As a rule, where a party is surprised by the testimony of a witness called by him, he is entitled to impeach the witness by showing statements made by the latter at another time, which are contradictory of his testimony given in the pending trial. The rule, however, is not without limitation. The testimony thus sought to be discredited must be such as disproves, in some degree, the case of the party by whom the witness is called. It is not enough that the witness simply disappoints the expectations of such party, by failing to give testimony as beneficial as was expected. Champ v. Commonwealth, 2 Metc. (Ky.) 17, 74 Am. Dec., 388; Moore v. R. R. Co., 59 Miss., 243; Hull v. State, 93 Ind., 128; People v. Jacobs, 49 Cal., 386; Force v. Martin, 122 Mass., 5; Culpepper v. State, 4 Okl. Cr., 103, 111 Pac., 679, 28 R. C. L., p. 646.

When the testimony of Freeland is subjected to the above test no occasion for impeachment is discovered. Freeland was called by Stringer to testify to the fact that Morgan, at the time the second lien was given, knew of the first lien. Even though his testimony be taken as sufficient to raise this fact issue, and as to this we express no opinion, the most besides, that can be said of his testimony, is that it is not as definite, in respect to the fact sought to be proved, as Stringer expected it to be. The affidavit was incompetent to supply this deficiency.

The assignment of error to the introduction of the affidavit should have been sustained, and we recommend that the certified question be so answered.

The opinion of the Commission of Appeals in answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.