CITY OF SAN ANTONIO et al., Appellants,

v.

Bill POULOS, Appellee.

No. 14471.

Court of Civil Appeals of Texas.

San Antonio.

April 20, 1966.

Rehearing Denied May 18, 1966.

Sam S. Wolf, City Atty., J. Bruce Aycock, William R. Ward, Asst. City Attys., San Antonio, for appellants.

Jack Paul Leon, San Antonio, for appellee.

BARROW, Justice.

Appellants, City of San Antonio, its Fire and Police Civil Service Commission, and Chief of Police, George W. Bichsel, appeal from a judgment of the 1.6th District Court setting aside the Commission's order of permanent dismissal of appellee, Bill Poulos.

On March 5, 1965, the Chief indefinitely suspended Poulos and served written charges upon him, as required by Art. 1269m, § 16, Vernon's Ann.Civ.St. On March 23, 1965, the Commission heard Poulos' appeal from the suspension, and by a split vote found that the charges were true and ordered Poulos dismissed. Poulos appealed to the district court and, after a full hearing, the trial court found that the charges failed to allege a specific violation of any Civil Service rule, and further that the Commission's order of dismissal was not reasonably supported by substantial evidence.

The written charges made against Poulos were that he had violated Rule XX, Sec. 120, of the personnel rules of the City of San Antonio, which provides that an officer may be removed for: Neglect of duty; Failure or refusal to carry out instructions, and Violation of any of the Rules and Regulations of the Department. Poulos was charged with violating Rules 16, 17, and 29 of the Police Department.[1] Following

---

1. "Rule 16: Officers shall report promptly (all violations coming to their attention, as well as) all information they may receive about any violation or suspected violation. (However, if the offense is committed in the officer's presence, and he can make a legal arrest, he shall take this action and make proper report.)"
"Rule 17: Officers having information regarding any felony (or any person wanted for a felony charge), and immediate

these charges specific acts were alleged in detail.

■ It is seen that the Chief first stated the general charge and then specified the acts which support the charge. This form of preferring charges under the Civil Service Act has been upheld by this Court. Bolieu v. Firemen's & Policemen's Civil Service Comm., Tex.Civ.App., 330 S.W.2d 234, wr. ref. n. r. e.; Harless v. Bichsel, Tex.Civ.App., 327 S.W.2d 791, no wr. hist.

■ Poulos asserted, both before the Commission and the trial court, that the charges together with the acts alleged in support thereof were legally insufficient to allege a violation of any civil service rule. It is settled law that the original charges brought against the officer must be legally sufficient and that the Chief is restricted to his original written statement and charge. Art. 1269m, § 16; Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284 (1959).

The specific allegations set forth in the Chief's charges are substantially as follows: Detective Poulos exhibited to Detective Gomez, for the purpose of sale, a Model 21, Winchester 12-gauge shotgun, with extra set of barrels, and with a serial number beginning with "147". This was done under very suspicious circumstances—a piece of adhesive tape covered a part of the breech and Gomez was advised by Poulos not to look under the tape; Poulos advised that a friend could re-engrave over anything; and Poulos told Gomez he would not give a written receipt for the purchase. Gomez did not purchase, but subsequently checked the police burglary records and discovered the report of a burglary of Dr. Cowles' residence and theft of a similar shotgun, which is a very expensive and, therefore, somewhat rare model, with serial number "14767"

and with the name "A. C. Cowles" engraved upon the breech. Gomez told Poulos of this burglary, but Poulos said he did not believe the gun he had was the same gun and filed no official report concerning the shotgun in his possession.

It was further alleged that Poulos was subsequently questioned and said that "Norman Spears" had given the gun to him for sale, although he later said "Earl M. Brooks" had asked him to sell the gun. The shotgun was returned to Brooks by Poulos, and Brooks returned it to Charlie Powers of Austin, who had initially requested sale of the gun.

■ It is seen that the crux of these allegations is that Poulos had in his possession and was attempting to resell a shotgun which had been stolen from the residence of Cowles. These allegations, if proven, would justify dismissal under either Rule 16 or Rule 17 of the police department regulations. Obviously a police officer, if he is to deal in guns or other property, should be required to exercise great diligence to ascertain that he is not acting as a fence for stolen property. Poulos was required to look under the tape, and if the gun was engraved with "Cowles'" name, or any other name, he was required to ascertain the source of the gun and to advise his superiors of any suspected violation. It is our opinion that the charges brought against Poulos were sufficient to justify a dismissal.

■ The primary question before us on this appeal is whether or not the finding of the Commission that these charges were proven has reasonable support in substantial evidence introduced in the trial court. The Commission having upheld these charges, it was the duty of the trial court to sustain and not set aside such findings, if

action is not required, shall give all details to his Superior Officer and submit a written report as specified in the Reporting Regulations."
"Rule 29: No member of the Department shall wilfully misrepresent any matter, sign any false official statement or re-

port, (perjure himself, or give false testimony, before any court, grand jury, board, hearing or commission)."
The parts set off by parentheses were not included in the charges against Poulos.

they were reasonably supported by substantial evidence. Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Stowe v. City of Corpus Christi, Tex.Civ. App., 358 S.W.2d 409, wr. ref. n. r. e.; Firemen's & Policemen's Civil Service Commission v. Shaw, Tex.Civ.App., 306 S.W.2d 160, wr. ref. n. r. e.

Although the crux of the allegations against Poulos was that he was fencing stolen property in attempting to sell this expensive shotgun, the appellants wholly failed to prove that the shotgun Poulos was attempting to sell was stolen from Cowles or from any other person. In fact, appellants' counsel stated: "We are not even claiming it was the identical gun." Therefore, Poulos' evidence that the gun did not have "Cowles" engraved on it, and that he did not have information regarding a felony or any other suspected violation, stands uncontradicted.

The finding of the Commission must therefore be supported, if at all, by the charge that Poulos violated Rule 29 by falsely stating that Spears had given the gun to him for sale, when in truth it had been Brooks. The evidence showed that about two weeks after Poulos showed the gun to Gomez, Poulos was called into the office of Captain Benfer, who was directly in charge of the detective division, and was interviewed concerning his resale of many guns, including the shotgun in question. This interview was characterized by all participants as an informal hearing. It is undisputed that Poulos was very evasive during this interview, and in connection with the shotgun involved in this trial, when pinned down, said this shotgun came from Spears. Captain Benfer was not satisfied with the answers of Poulos and ordered him to make a formal report. Poulos was not happy with the intimation that he was involved in a burglary, and on the following day went to see the Inspector over Captain

Benfer and the Chief of Police. Poulos was told by the Chief to file the report, which he did later that day, and in this written report he identified Earl Brooks as the person who gave him the gun for resale. Captain Benfer testified that Brooks corroborated Poulos and apparently all of Poulos' other sales were also satisfactorily checked.

The question is thus presented as to whether the false statement made to Captain Benfer was a violation of Rule 29. It is our opinion that it cannot be so considered. This rule is restricted by its express terms to willful misrepresentations, false official statements or reports, perjury, or false testimony before "any court, grand jury, board or commission." Undoubtedly there are other regulations which authorize a superior officer to interview his subordinates relative to their conduct as members of the force. If not, common sense would dictate the wisdom of such a regulation. Rule 29 does not apply, however, to a situation as presented here, where the officer made a false statement or is evasive during the course of an informal interview with his superior officer. Clearly, we have no authority to amend the rule or to construe the unambiguous language of same, regardless of the desirability of such a rule. A. M. Servicing Corp. of Dallas v. State, Tex. Civ.App., 380 S.W.2d 747, no writ.

Appellants further complain of the exclusion of official police records showing the report of the burglary of the Cowles residence as well as the testimony of Dr. Cowles that his shotgun was stolen. The reports of this burglary were properly proven up by the custodian and were admissible in evidence. Art. 3731a, Sec. 1, Vernon's Ann.Civ.St.; Statler Hotels v. Herbert Rosenthal Jewelry Corp., Tex.Civ.App., 351 S.W.2d 579, wr. ref. n.r.e. The testimony of Dr. Cowles was admissible as original evidence. It is our opinion that the exclusion of this evidence was harmless in view of appellants' admission that the shot-

gun exhibited by Poulos was not the shotgun stolen from Dr. Cowles.

 The trial court did not err in refusing to permit appellants to impeach their witness Gomez by his prior inconsistent statement made to the Chief, where appellants admitted they were not surprised by his testimony. McCormick & Ray, Texas Law of Evidence, § 632; Morgan v. Stringer, 120 Tex. 220, 36 S.W.2d 468.

 The trial court correctly held that substantial evidence was not introduced to support the finding of the Commission that Poulos violated any of the rules and regulations of the San Antonio Police Department as charged by the Chief of Police.

The judgment is affirmed.