**Joseph PHLEGM, Appellant,**

**v.**

**PACIFIC EMPLOYERS INSURANCE COMPANY, Appellee.**

**No. 340.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 11, 1970.

Rehearing Denied April 8, 1970.

David J. Nagle, Nagle & Barr, Houston, for appellant.

Gary B. Webb, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

Plaintiff, Joseph Phlegm, was an employee of Harris County Navigation Dis-

trict. The Navigation District maintained a contract of insurance with Pacific Employers Insurance Company which was closely analogous to the Texas Workmen's Compensation Act in the coverage of employees. Phlegm was injured while working on the job and brought this suit against the insurance company for disability benefits. Based upon special issue findings made by the jury the trial court entered judgment that the plaintiff take nothing and appeal is duly perfected to this Court.

Plaintiff was injured on July 5, 1963 while employed by the Navigation District. He was referred by the Navigation District to a physician. A referral was then made by this physician to the physician's son, Dr. William Giessel. Dr. Giessel treated the plaintiff until November 1, 1963. The insurance company paid plaintiff weekly compensation benefits from the date of Phlegm's injury until he was released to return to work by Dr. Giessel on November 1, 1963. This period of time was sixteen and six-sevenths weeks which was the same length of time found by the jury as the period of total temporary incapacity. In addition to the finding on injury and total temporary incapacity the jury also found that plaintiff had no partial incapacity, that there was not another employee of the same class as the plaintiff who worked at least 210 days during the 12 months immediately preceding the date of injury, and that a prior injury of 1961 did not contribute to plaintiff's incapacity.

In his first two points of error appellant contends that the trial court erred in commenting on the weight of the evidence during the testimony of Dr. William Giessel and in the trial court's not granting a motion for mistrial after making an offer to accept such a motion before the jury. The first witness called to testify was Dr. Giessel. This witness was called by the plaintiff's attorney and appeared in response to a subpoena issued by him. Dr. Giessel initially responded to questions relative to various factual matters. Additionally, he was asked to give medical opinions and conclusions as to plaintiff's condition. Counsel for plaintiff (still on direct examination) then inquired of the witness whether or not there was a relationship between the doctor and employers referring patients to him and also inquired if the doctor did not normally testify for insurance companies. In each instance objection was made that the plaintiff was impeaching his own witness. These objections were sustained by the trial court. Later, on redirect examination, counsel for plaintiff made other efforts to impeach Dr. Giessel and to discredit his testimony. Objection was again made and sustained. The court stated to counsel for the plaintiff, "I sustain the objection. Don't argue with your own witness or any witness. Go ahead." Counsel for the plaintiff then nevertheless stated, "Your Honor, I am going to again object to that objection simply because I didn't put this man on for his opinion testimony. He is an insurance company doctor and he was paid by the insurance company. * * *" Counsel for appellee (and the witness as well) objected to such statement which had no support in the record. The court thereupon stated, "If someone makes a motion for mistrial, I will grant it." After the witness was excused by counsel for both parties the jury was retired and it was out of the jury's presence that the motion for mistrial was made by plaintiff's counsel.

Plaintiff's first contention, that the trial court committed error by commenting on the weight of the evidence, arises from plaintiff's attempt to impeach Dr. Giessel, a witness whom plaintiff had called. It is fundamental that a party may not impeach his own witness. Hotel Longview v. Pittman, Tex.Civ.App., 276 S.W.2d 915 (writ ref., n.r.e.); Texas Indemnity Ins. Co. v. Pool, Tex.Civ.App., 207 S.W.2d 1004 (writ ref., n.r.e.). It is permissible to impeach one's own witness if the party can show sufficient evidence of genuine surprise as to the statement of the witness and not merely disappointment in

the testimony of the witness. Morgan v. Stringer (1931), 120 Tex. 220, 36 S.W.2d 468. However, in the instant case, plaintiff made no claim of surprising testimony by Dr. Giessel. Therefore, when the trial court sustained defendant's objections to the plaintiff's attempted impeachment of his witness, the court was well within the general rule. It was at this point that the trial court found it necessary to set forth to plaintiff's counsel the status of the witness and to admonish counsel not to argue with such witness. We believe that under the record, the language selected by the trial court was needful for ruling on the objection presented, and requisite for clarifying his ruling to plaintiff's counsel. Fenner v. American Surety Co. of New York, Tex.Civ.App., 156 S.W.2d 279, writ ref., w.o.m. Plaintiff's first point of error is overruled.

At this point occurred the events which give rise to plaintiff's second point of error, that the trial court erred in not granting a mistrial to the plaintiff after the trial court stated that it would grant such motion if "someone" moved for a mistrial. This expression was made by the trial court after counsel for plaintiff made the statement (which had no basis in the record) that the witness was an insurance company doctor paid by the insurance company. It is also noted that plaintiff's subsequent motion for mistrial was based on contentions of the appellant which were overruled in point of error number one above. Further, the trial court correctly indicated when plaintiff's motion for mistrial was made (out of the presence of the jury) that under the instant facts it was the defendant who was entitled to a mistrial. Finally, the trial court did not limit its statement to accepting a motion filed by one or the other of the parties, evidencing an able use of discretion in order to avoid doing harm to the plaintiff's case as viewed by the jury. Plaintiff's second point of error is overruled.

Appellant's next three points of error are directed to the claimed error of the trial court in permitting appellee's attorney to question the plaintiff relative to prior allegations of total and permanent incapacity and in requiring plaintiff's counsel to make his objections thereto in the presence of the jury. Appellant's contentions in this regard are predicated upon an assumption that the trial court had, prior to the examination of the jury panel, sustained a motion in limine which prohibited counsel for appellee from making such inquiry. A careful examination of the transcript reveals no such motion in limine either being filed or before the court. These points of error must therefore be overruled.

In points of error number 7 and 8 appellant makes complaint of the jury's finding that another workman did not work as many as 210 days during the 12 months preceding plaintiff's injuries. Appellant contends that this finding is so contrary to the great and overwhelming weight of the evidence as to be clearly wrong and unjust and that such finding is contrary to all the evidence. If there was any error in this regard it must be held to be harmless because plaintiff had been paid compensation benefits during the period of incapacity found by the jury. A jury response establishing wage rate for maximum compensation benefits would not have altered the trial court's judgment. Rule 434, Texas Rules of Civil Procedure.

Appellant's remaining point of error pertaining to cumulative error is overruled.

The judgment of the trial court is affirmed.