The AETNA CASUALTY AND SURETY COMPANY et al., Appellants,

v.

Claudine AVANT, Appellee.

No. 14376.

Court of Civil Appeals of Texas.

San Antonio.

April 21, 1965.

Rehearings Denied May 26, 1965.

**534**

Carl Wright Johnson, Alfred W. Offer, Nat L. Hardy, Richard G. Strong, San Antonia, for appellants.

Rudy Rice, James H. Brannon, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a suit by Claudine Avant, individually and as next friend of Dwight W. Avant and A. Queentena Avant, her two minor children, against The Aetna Casualty and Surety Company, seeking to recover death benefits under the Texas Workmen's Compensation Law, Art. 8306 et seq., Vernon's Ann.Civ.Stats., for the death of her husband, James W. Avant, a resident of the State of Arkansas, who was accidentally killed in the State of Missouri in a collision between the truck he was driving and a St. Louis-San Francisco Railroad Company freight train. Avant was killed on December 6, 1960. The trial was to a jury and, based upon its findings, judgment was rendered for Claudine Avant against the defendant, Aetna Casualty & Surety Company, in the total sum of $6,300.00, and that the minor plaintiffs take nothing. The Aetna Casualty & Surety Company and the minor plaintiffs have prosecuted this appeal.

By its first two points appellant, Aetna Casualty & Surety Company, raises the contention that there is no evidence to show that Avant was an employee of Querner Truck Lines, and in any event there was no evidence to show that Avant was a Texas employee within the meaning of Sec. 19, Art. 8306, which reads as follows:

"Sec. 19. If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5–5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred. Acts 1917, p. 269; Acts 1927, 40th Leg. p. 383, ch. 259; Acts 1931, 42nd Leg. p. 133, ch. 90, § 1."

Avant, prior to his death, was a resident and citizen of the State of Arkansas where he and his wife resided. Avant's wife, Claudine Avant, testified that during a great part of the year 1960 her husband worked at a pulp mill belonging to a man named Whisemont, doing local hauling within the State of Arkansas. In October, 1960, he began working for Stroud & Dyer, driving a truck tractor owned by Stroud & Dyer and a trailer belonging to himself. This vehicle remained in his personal possession. Mrs. Avant did not know the details of the arrangements between her husband and Stroud & Dyer, but she did know that his pay consisted of a percentage of the hauling charges of each trip. He received no money from Querner Truck Lines. Appellee called as witnesses J. L. and Harold Querner, operators of the Querner Truck Lines, who testified that they never paid Avant anything, and he was never on their pay roll. The Querners were not called as adverse witnesses and appellee by calling them vouched for their testimony. Mrs. Avant further testified that on Sunday December 4, 1960, Mr. Stroud called their home and told Avant to go to Pittsburg, Texas, and pick up some yams (sweet potatoes), and to be in Pittsburg on Monday December 5, at 8 a. m. Her husband took the truck and left. The next night he called from Malvin, Arkansas, and the following day he was instantly killed in a collision between his truck and a railroad train at Hayti in the State of Missouri.

The tractor was under a lease contract between Stroud & Dyer as lessors and Querner Truck Lines as lessee, which en-abled it to be operated under Querner's state and interstate permits. The contract for hauling these potatoes was evidently obtained by Stroud & Dyer. There is no pleading, evidence, or finding by the jury that Avant was a Texas employee of Querner Truck Lines within the meaning of Sec. 19 of Art. 8306, supra. Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W. 2d 590.

The lease agreement between Querner Truck Lines and Stroud & Dyer is in evidence and contains the following provisions:

"It is further understood and agreed that while the foregoing equipment is under the direction and control of Querner Truck Lines, Inc., it shall be operated only by the Lessor or his representatives and Lessor will haul no freight not authorized under the certificates and permits * * *."

Such agreement further provides:

"The Lessor specifically understands and admits that he or his agent is acting as a Lessor to Querner Truck Lines, Inc. and not as an employee of Querner Truck Lines, Inc., and further that he is not covered as an employee of Querner Truck Lines, Inc. by Workmen's Compensation."

It also states:

"In the event Lessor hires a driver during the term of this lease, Lessor agrees

"(A) To furnish at his expense Workmen's Compensation Insurance to cover said driver; (B) to pay all Social Security, Old Age Benefits and Unemployment Compensation taxes and assessments; (C) to pay all costs and expenses of operations, maintenance, and upkeep of said equipment, and that Lessee shall not be liable for any of such items; * * *."

■ The undisputed evidence shows that Stroud & Dyer and Avant had possession of this truck and they were using and controlling it, carrying loads under contract, and Stroud & Dyer negotiated with the

shippers without knowledge of Querner Truck Lines. The only thing that in any way connects the matter with Querner Truck Lines is that they were using Querner's Interstate Commerce Commission and State permits. It is not necessary for us to here determine whether this constituted a violation of the law or rules of I.C.C. The jury found that Stroud & Dyer were independent contractors with relation to Querner Truck Lines so far as the truck tractor involved was concerned, and appellee has not attacked this finding. An independent contractor and his employees are not protected by the workmen's compensation insurance of the main contractor. 45 Tex.Jur. p. 416, § 40. There can be no question as to appellee's being bound by the testimony of J. L. and Harold Querner, to the effect that Avant was not an employee of Querner Truck Lines. The Querners were not parties to this suit, nor were they called as adverse witnesses. Parker v. Traders & General Ins. Co., Tex.Civ.App., 366 S.W.2d 107.

There is no evidence that Avant was a Texas employee of Querner Truck Lines, employed in Texas within the meaning of Sec. 19 of Art. 8306, supra. Avant lived in Arkansas and worked for Stroud & Dyer. He came to Texas on this occasion simply to pick up a load of sweet potatoes, and then began his trip to Cincinnati, Ohio.

■ There is no dispute that Avant was killed in the State of Missouri; he was not injured in the State of Texas. Before an employee injured or killed in another state can bring himself under the Texas Workmen's Compensation Law, he must allege and prove that at the time he was injured or killed he occupied the status of a Texas employee temporarily sent out of the State by his employer to perform labor in another state. Southern Underwriters v. Gallagher, supra. The evidence does not show that Avant was an employee of Querner Truck Lines sent temporarily out of the State to perform work for Querner. The testimony of J. L. and Harold Querner af-

firmatively shows that he was not such an employee, and the Querners are Mrs. Avant's witnesses. Mrs. Avant did offer evidence to the effect that when Avant was killed in Missouri, the truck he was driving carried the Querner Truck Lines emblem. "Querner carried liability and property damage insurance on the truck. Querner insured the cargo that Mr. Avant was carrying. Querner requested information from the Texas Department of Public Safety concerning Mr. Avant's driving record. Querner required and kept on file a doctor's certificate on Mr. Avant. Querner checked Mr. Avant's equipment. Mr. Avant could not haul anything in interstate commerce for anyone but Querner, or for someone Querner approved. Querner could take away Mr. Avant's ability to haul in interstate commerce if he refused to pick up a load from a wrecked vehicle when told to do so by Querner. Querner instructed drivers such as Mr. Avant to stay out of the territory where Querner could not go under its I.C.C. permit. A driver signed for loads in the name of Querner Truck Lines, Inc. When Mr. Avant was on an out of town trip, Mrs. Avant could always contact him in the daytime at the Querner Terminals. When Mr. Avant pulled a load to Cleveland, Chicago, or any place, he was required to check in at the Querner terminal there. When Mr. Avant was killed, it was Querner who notified Mrs. Avant."

■ All of this testimony did nothing more than create a rebuttable presumption that Avant was an employee of Querner Truck Lines, which vanished when evidence to the contrary appeared. Texas Law of Evidence, 2d Edition, Vol. 1, p. 60, § 53. Here the appellant Surety Company did not have to disprove this rebuttal presumption, Mrs. Avant disproved it for Aetna Casualty & Surety Company.

It is true that the jury found that Avant was not an employee of Stroud & Dyer at the time he was killed, but this finding is immaterial so long as the evidence shows that Avant was not a Texas employee of Querner Truck Lines at such time.

There is a serious question raised here as to whether Mrs. Avant can maintain this suit for death benefits under the Workmen's Compensation Act, Art. 8306 et seq., supra, after prosecuting to final judgment a suit for the benefit of her minor children in the State of Missouri, and there is another serious question as to whether good cause existed for her failure to file her claim for Workmen's Compensation within six months, with the Texas Industrial Accident Board, but we do not find it necessary to discuss these questions in view of our above holdings.

That part of the judgment which awards to appellee, Mrs. Claudine Avant, workmen's compensation for the death of her husband, James Woodrow Avant, from appellant Aetna Casualty & Surety Company is reversed and judgment here rendered that she take nothing, and the judgment as to the appellants Dwight W. Avant and A. Queentena Avant, minors, represented by Richard Strong, Guardian ad Litem, denying any recovery is in all things affirmed.