**James B. BIDDLE and Marietta L. Biddle, Appellants,**

v.

**NATIONAL OLD LINE INSURANCE COMPANY, Appellee.**

**No. 18327.**

Court of Civil Appeals of Texas, Dallas.

May 16, 1974.

Rehearing Denied June 13, 1974.

Richard L. Jackson, Johnson, Bromberg, Leeds & Riggs, Dallas, for appellants.

Edith DeBusk, DeBusk & DeBusk, Dallas, for appellee.

BATEMAN, Justice.

The appellee National Old Line Insurance Company sued James B. Biddle and wife for the balance due on their promissory note after foreclosure of the deed of trust lien on real estate. The Biddles defended and filed a counter-claim on the ground that certain irregularities occurred prior to and in connection with the trustee's sale, which had the effect of "chilling" the bidding, resulting in the property being sold for a grossly inadequate price. At the close of the evidence the trial court withdrew the case from the jury and rendered judgment that plaintiff recover the alleged deficiency, plus interest and attorney's fees. The question presented by the Biddles' appeal is whether the evidence was sufficient to require submission to the jury. We answer this question in the negative and affirm the judgment. The parties will be designated as they were in the trial court.

The note was in the principal sum of $235,000, and at the sale the property was struck off to plaintiff at $100,000. The principal sum, plus interest and certain

other charges, minus the sale price and other credits, was an alleged deficiency of $230,999.60, which, together with 10% attorney's fee, constituted the plaintiff's claim.

In determining the propriety of withdrawing the case from the jury, we must view the evidence in the light most favorable to the defendants and indulge against the withdrawal every inference that may properly be drawn from the evidence. If the record reflects any testimony of probative force in favor of the defendants, we must hold the court's action to be improper. Such action is warranted only when the evidence is such that no other judgment could be rendered thereon and the winning party is entitled to judgment as a matter of law. White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943).

A mortgagee is obliged to conduct a sale fairly and not to discourage bidding by acts or statements made before or during the sale. His motives are immaterial; he is judged by the results. 1 Glenn on Mortgages § 107.1 at 646 (1943). The mortgagee is bound not to "chill the bidding" by word or deed before or during the sale, but is bound to conduct it fairly so as to produce as good a price as possible. Osborne on Mortgages § 340, at 1006 (1951).

It is well settled that a sale properly conducted may not be attacked on the ground of mere inadequacy of price. Jones v. Pratt, 77 Tex. 210, 13 S.W. 887 (1890); 3 Powell on Real Property § 468, at 696.31 (1973), citing Sullivan v. Federal Farm Mortgage Corp., 62 Ga.App. 402, 8 S.E.2d 126 (1940); Aultman & Taylor Co. v. Meade, 121 Ky. 241, 89 S.W. 137 (1905); and Fenton v. Torrey, 133 Mass. 138 (1882). *See also* Tarrant Savings Association v. Lucky Homes, Inc., 390 S.W. 2d 473, 475 (Tex.1965).

In Sparkman v. McWhirter, 263 S.W.2d 832, 837 (Tex.Civ.App.—Dallas 1953, writ ref'd), we held that a trustee's sale will not be avoided merely because of inadequacy of price, that there must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price, and that the pendency of negotiations for renewal of the indebtedness did not constitute such an irregularity as would warrant setting the sale aside.

Likewise, in Zeiss v. First State Bank, 189 S.W. 524 (Tex.Civ.App.—Beaumont 1916, writ ref'd), it was held that, while the court would set aside a trustee's sale if there was proof of undue advantage, the mere fact that the trustee refused to honor the request of the debtor to postpone the sale until the debtor could arrive by train at 10:30 a.m. on the day of sale was not such an irregularity as, coupled with inadequacy of price, would warrant setting the sale aside.

The property in question consists of several acres in Fort Worth, Texas. Part of it is covered by improved warehouses. Biddle was an experienced and successful real estate developer and promoter. On January 22, 1968, Biddle became the owner of the property in question and assumed a note for $235,000 payable to Century Life Insurance Company, due on December 31, 1970, and secured by lien on the property in question. On January 22, 1968, a renewal note for $235,000, which is the subject matter of this suit, was executed by the Biddles. It was secured by a first lien on one parcel of the property and by second lien on the balance of it.

We have carefully considered the entire statement of facts and without detailing the testimony, find therein no evidence of any chilling of bidding or other irregularity which caused or contributed to cause the property to be sold at a grossly inadequate price. Therefore, we do not reach the question as to whether the sale price was grossly inadequate. Defendants' first point is overruled.

■ Their second point complains of the trial court's refusal to allow them to impeach the testimony of the witness Frederick Bush by his prior deposition testimony. Defendants unreservedly introduced Bush as their witness. He testified that he was not sure if he had any occasion to contact James Gaston, an officer of plaintiff, prior to the foreclosure sale. Defendants were endeavoring to establish responsibility on the part of plaintiff for the refusal of Bush and one Cherry to give prospective buyers any information concerning the property prior to the foreclosure. They offered Bush's deposition wherein he made somewhat inconsistent statements, but the court would not admit it.

■ There was no error in this ruling. The general rule is that a party may not impeach his own witness, but is bound by his testimony unless he is an opposite party to the suit or is called as an adverse or hostile witness. Aetna Casualty and Surety Co. v. Avant, 390 S.W.2d 533, 536 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). An exception arises when the witness's testimony at the trial is contrary to or inconsistent with his prior sworn statement or testimony by deposition or otherwise, as to a material fact, and the party calling him as a witness is surprised. But this exception does not apply where the witness merely gives neutral testimony which only disappoints the party. Here the witness Bush had not affirmatively disproved the Biddles' position; he had merely stated that it would be speculation if he commented on whether he had contacted plaintiff's officer, Gaston, prior to the foreclosure. This was only neutral testimony and not detrimental to the defendants' case. As stated in 62 Tex.Jur.2d, Witnesses, § 323, at 339 (1965): "[N]eutral testimony is not impeachable though the party was surprised that the witness did not help his case . . . ." To the

same effect, see also Morgan v. Stringer, 120 Tex. 220, 36 S.W.2d 468 (1931), and Phlegm v. Pacific Employers Insurance Co., 453 S.W.2d 320 (Tex.Civ.App. —Houston [14th Dist.] 1970, no writ).* The second point is overruled.

■ By their third point of error defendants complain of several remarks of the trial court during the trial as being unwarranted and prejudicial comments on the weight of the evidence in the presence and hearing of the jury. This point presents no reversible error and is overruled. Without passing on the question of whether the court's remarks would, under any circumstances, constitute reversible error, we hold that, since the case was withdrawn from the jury, the error, if any, was harmless. Texas Rules of Civil Procedure, rule 434. See Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298 (1956).

■ In their fourth and fifth points defendants say the court erred in excluding as hearsay testimony tendered concerning offers to purchase the property in question or indications of interest in making such a purchase, and in sustaining a motion in limine to exclude all such testimony.

These points are overruled. In the first place, in the absence of bills of exceptions showing what the witnesses would have testified we have no basis for saying it was relevant and improperly excluded. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (1940).

■ In the second place, it is obvious that the testimony sought to be adduced was clearly hearsay and no effort was made to show that it fell within one or more of the recognized exceptions to the hearsay rule. Defendants argue that this rule applies only when the evidence is offered to prove the truth of the hearsay statement, citing 1 C. McCormick and R.

---

* Since the deposition was offered solely for impeachment, we have no occasion to consider whether it was admissible to refresh the recollection of the witness or as independent evidence, like any other deposition.

Ray, Texas Law of Evidence §§ 781, 795 (1956). Here, however, the truth of the statements in question was exactly what defendants were trying to establish, viz., that several persons told the witness, in each instance, that they were interested in buying the property, or had been so interested at some previous time. Unless the persons who spoke to the witnesses *in truth* told them they were interested in buying the property, and unless they *were in truth* so interested, there would have been no point in giving them information concerning the property or in referring them to Biddle. The testimony involved the credibility of the persons who made the statements, and, therefore, was hearsay.

■ By their sixth point of error defendants say there was no competent evidence to support the judgment for deficiency on the note after foreclosure sale. This contention is based on the fact that plaintiff's vice president and manager of its mortgage loan department, William B. Case, referred to his handwritten notes when he testified to the amount due on defendants' promissory note, the amount for which plaintiff bid in the property at the foreclosure sale and other credits on the note, the unpaid taxes, and the total amount due on plaintiff's claim at time of trial, on which the amount of the judgment was based. Defendants objected to this testimony in the following language:

> We object to this testimony unless the records are produced from which he is now testifying in that it is not testimony from the personal knowledge of the witness.

This objection was overruled, but the ruling is not assigned as error in any point of error. It is, therefore, not before us for review.

The point of error presented to us is a "no evidence" point. Although the defendants may have been entitled to production of the records from which the notes were made, it cannot be said that the testimony, aided by the notes, was without probative force.

The sixth point is overruled.

■ Appellants complain in their seventh point of being denied the right to cross-examine plaintiff's witness Wm. B. Case concerning elements of plaintiff's cause of action, to which he had testified at length on direct examination. Abstractly, this would appear to be a valid complaint. It does not, however, present reversible error since there is no bill of exceptions showing what would have been disclosed had full cross-examination been permitted. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (1940). This point is also overruled.

Affirmed.

*On Appellants' Motion for Rehearing*

In their motion for rehearing defendants say that, contrary to our statement in the footnote to our opinion, they did in fact offer Bush's deposition to refresh his recollection as well as to impeach him. The statement of facts shows that after calling Bush as their witness, and after interrogating him concerning his duties as an employee of M. P. Crum Company in the management of the property in question, defendants' counsel asked him concerning his dealings or conversations with Jim Gaston, an officer of plaintiff and, in particular, if he had had "any occasion to contact Mr. Gaston prior to the foreclosure." He answered: "It would be speculative at best if I made a comment on that." Defendants then undertook to show that on his oral deposition he gave testimony which was inconsistent with that statement. Insofar as this record shows, the defendants did not, prior to the bill of exceptions, claim that the deposition was to be used for the purpose of refreshing the witness' memory. Plaintiff objected to this line of questioning as an effort by defendants to impeach

their own witness and the court sustained the objection.

In making their bill of exceptions, defendants presented to the court portions of Bush's deposition which tended to show that prior to the foreclosure Gaston had instructed Bush not to give any information to prospective purchasers but rather to refer them to Gaston or another officer of the plaintiff, and that Bush had obeyed these instructions. No questions were asked of Bush during the bill; thus no attempt was made to show what recollection of these events might have been elicited from the witness by the use of the deposition. In concluding their bill of exceptions, which obviously was employed primarily to show Bush's contradictions, defendants' attorney said:

> [W]e claim surprise at the testimony and we ask to refresh the recollection of the witness and to, if necessary, technically impeach him on the basis of the prior sworn statement in the deposition.

The theory that the deposition may have been admissible to refresh the recollection of the witness was not otherwise submitted to the trial court and there was no allusion to it in this court until the motion for rehearing was filed. We hold, therefore, that the complaint was waived. Austin Lake Estates Recreation Club, Inc. v. Gilliam, 493 S.W.2d 343, 349 (Tex.Civ. App.—Austin 1973, writ ref'd n.r.e.); West Texas Util. Co. v. Bergstrom, 458 S.W.2d 548, 551 (Tex.Civ.App.—Eastland 1970, writ ref'd n.r.e.); Rayburn v. Giles, 182 S.W.2d 9, 13 (Tex.Civ.App.—San Antonio 1944, writ ref'd). And even if defendants had briefed the theory, their contention would not be well taken because of their failure on bill of exceptions to show what the witness' recollection would have been if he had been asked whether the deposition refreshed his memory. Bell v. Bradshaw, 342 S.W.2d 185, 190 (Tex.Civ.App. —Dallas 1960, no writ).

The motion for rehearing is overruled.