Arthur E. HALTER, Jr., and Rhonda Halter, Appellants,

v.

ALLIED MERCHANTS BANK, Appellee.

No. 09–87–117 CV.

Court of Appeals of Texas, Beaumont.

May 19, 1988.

Rehearing Denied June 8, 1988.

Robert B. Dunham, Beaumont, for appellants.

James E. Wimberley, Provost, Sheldon, Steele & Hughes, Nederland, for appellee.

## OPINION

DIES, Chief Justice.

Allied Merchants Bank (Bank) brought suit against Arthur Halter and Rhonda Halter (Halters) for an alleged deficiency on a promissory note after the Bank had foreclosed upon certain real property which was security for the debt owed by the Halters to the Bank. The Bank filed a motion for summary judgment supported by affidavits. The Halters responded to the motion by alleging that the price obtained by the trustee at the foreclosure sale was grossly inadequate. The response to the motion for summary judgment included an affidavit by Mr. Halter stating that the value of the property at the time of foreclosure was $30,000.00. The affidavit furthermore states that the $10,500.00 price obtained by the trustee at the sale was grossly inadequate in relation to the fair market value of the property. The Bank's summary judgment affidavits also state that the property was sold to the highest bidder and that the proceeds of the sale ($10,500.00) were applied to the outstanding debt owed to the Bank by the Halters.

The trial court granted the Bank's motion and entered a final judgment for the Bank. The judgment awarded the Bank $18,880.16 plus attorney's fees, court costs, and postjudgment interest. The Halters filed a motion for new trial which was overruled by the trial court. The Halters have perfected this appeal from the judgment of the trial court.

The Halters urge that the trial court erred in granting summary judgment for the Bank because the Bank's "failure to bid a fair value for the property at foreclosure indicates that [Bank] was attempting both to profit by the foreclosure and pursue the Halters for [an] unfair deficiency amount." The Halters also urge that the grossly inadequate bid by the Bank at the trustee's sale constitutes a breach of the Bank's duty of good faith. Therefore, the Halters argue, the summary judgment evidence raised an issue of material fact as to whether the Bank was entitled to a deficiency judgment.

The Bank argues that summary judgment was proper, because even gross inadequacy of consideration paid at a trustee's sale is not enough, in and of itself, to justify setting aside a trustee's sale. *American Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex.1975).

We find that the Texas Supreme Court did not decide in *American Savings* that a lender is entitled to have a deficiency judgment in every case in which the price obtained in a trustee's sale is less than the amount of the outstanding indebtedness. In fact, the issue of deficiency was not even addressed in that case. In the present case, the Halters made no attempt to set aside the trustee's sale; they only attempted to defend against the alleged deficiency on the note after foreclosure. Neither party has cited any case which deals precisely with the issue presented in this case, and we have found no case from any other Texas court which addresses this precise issue.

However, this court has previously addressed a very similar issue. *See Lee v. Sabine Bank*, 708 S.W.2d 582 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.). In *Lee*, this court held that "when a lender or its surrogate purchases collateral to secure a

loan given by a borrower, and where there is a probable significant disparity between the sales price of the property and its fair market value, the borrower may contest the sale and present evidence contending such." *Id.* at 585. Therefore, if the summary judgment evidence in the present case was sufficient to show that the Bank purchased the property at the foreclosure sale and that the price it paid was grossly inadequate, then summary judgment would have been improper since such evidence would raise a fact issue as to whether there was any deficiency after foreclosure or whether the Bank was entitled to the amount of deficiency alleged.

While there was certainly sufficient evidence before the trial court to raise an issue as to the gross inadequacy of the price obtained at the foreclosure sale, there was no evidence before the trial court that the $10,500.00 bid was made by the Bank or its surrogate. The Bank has admitted in its brief before this court that it purchased the property at the foreclosure sale for $10,500.00. Even though the Bank has admitted facts on appeal which, along with the summary judgment proof, would be sufficient to raise a question of material fact, we believe that the trial court committed no error in granting the summary judgment in this case, because a trial judge must grant summary judgment "forthwith" if the summary judgment proof properly before him shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *TEX.R.CIV.P. 166a(c).* Since the trial court had no evidence before it that the Bank or its surrogate purchased the property at foreclosure, we hold that there was no evidence that the Bank did not act in good faith in the foreclosure or in seeking a deficiency judgment. The judgment of the trial court is affirmed.

Affirmed.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed.

It is interesting and significant to note that, in the affidavit attached to the motion, the affiant Vice–President carefully set out that Allied foreclosed on the Deed of Trust and sold the property described therein to the highest bidder. It is significant that the highest bidder was not identified.

The Halters' response to the Bank's Motion for Summary Judgment points out that there is a genuine issue of a material fact with regard to the consideration or bid by Appellee (Allied Merchants Bank), of Port Arthur, Texas.

The Appellants, by a response to the motion, set forth definitely that the price obtained by the Trustee at the foreclosure sale was grossly inadequate. This response was supported by an affidavit of Arthur E. Halter, Jr., that the value of the property in question, on the date of the foreclosure sale, was $30,000. Mr. Halter swore, by his affidavit, that the $10,500 price obtained by the Trustee was, therefore, grossly inadequate in relationship to the then fair market value.

It should be stressed that the Halters have not tried to set aside the foreclosure sale in any manner. In a proceeding to obtain a deficiency judgment, especially under the summary judgment practice, an affidavit was sworn to by Arthur E. Halter, Jr., verifying that the property, at its fair market value, was worth almost three times that which the Trustee raised. Hence, I would hold that a genuine issue of a material fact was raised which would defeat the bank's Motion for Summary Judgment. The paramount issue in this type of case is the amount of the deficiency judgment. This genuine, important issue of a material, paramount fact was put at issue by the Halters' response and its attachments. *See Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

Since the Appellee, being the movant below, had the duty, as well as the burden, to show that it was entitled to its deficiency judgment as a matter of law, the Appellee had the affirmative burden and duty to show the trial judge that the foreclosure sale had been properly conducted without any irregularity having taken place. The

Appellee had the additional burden to show to the trial judge that the foreclosure sale was both legally and fairly made. *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965).

Before the district judge, the Appellee bank had the burden of showing that any irregularity which existed did not cause, or contribute to cause, the real estate in question to be sold for a grossly inadequate price. *Sparkman v. McWhirter*, 263 S.W. 2d 832 (Tex.Civ.App.—Dallas 1953, writ ref'd). Hence, the Appellee bank failed to demonstrate to the trial judge that it was entitled to a deficiency judgment in the amount awarded, as a matter of law.