NO. 07-06-0193-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 16, 2007


 ______________________________



TERRA XXI, LTD., VEIGEL FARM PARTNERS, D/B/A VEIGEL PARTNERS,


TERRA PARTNERS, VEIGEL FARMS, INC., VEIGEL CATTLE COMPANY,


ROBERT W. VEIGEL, ELLA MARIE VEIGEL, GRAIN CENTRAL STATION, INC.


D/B/A VEIGEL GRAIN COMPANY, VEIGEL-KIRK, INC., STEVE VEIGEL,


INDIVIDUALLY, STEVE VEIGEL, INC., BOB VEIGEL, INC., 


VICKI VEIGEL, INC. APPELLANTS



V.



MARK HARMON, INDIVIDUALLY AND AS SUBSTITUTE TRUSTEE, APPELLEE


_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CI-06B-015; HONORABLE ROLAND SAUL, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION


 Appellants, Terra XXI, Ltd. (Terra); Veigel Farm Partners, d/b/a Veigel Farms, Inc.
(Veigel Farms); Terra Partners; Veigel Cattle Company; Robert W. Veigel; Ella Marie
Veigel; Grain Central Station, Inc., d/b/a Veigel Grain Company; Veigel-Kirk, Inc.; Steve
Veigel, Individually; Steve Veigel, Inc.; Bob Veigel, Inc.; and Vicki Veigel, Inc., (collectively,
"appellants"), appeal the granting of appellee's, Mark Harmon, motion for summary
judgment and the denial of appellants' partial summary judgment motion. We affirm.

Background 

 In 1998, Terra and Veigel Farms borrowed funds from Ag Services of America, Inc.
(Ag Services). In exchange for the funds, Terra granted a deed of trust for property located
in Deaf Smith County to Ag Acceptance Corporation (AAC) as collateral. Terra and Veigel
Farms filed for bankruptcy which culminated, in 2001, in a bankruptcy plan of
reorganization ("reorganization plans") for each of the companies' debt, including Ag
Services's outstanding loans to the two companies. As part of the bankruptcy proceedings,
Ag Services and the companies agreed to and submitted Agreed Orders on objection of
Ag Services to the reorganization plans ("Agreed Orders") in each of the two bankruptcy
cases. These Agreed Orders were approved by the bankruptcy court.

 In 2003, Ag Services, believing that Terra and Veigel Farms had defaulted on their
loans and had failed to pay ad valorem taxes on the property, contacted Harmon to act as
its trustee for foreclosure proceedings on the property deeded to AAC. In furtherance of
the foreclosure, Harmon sent notice to Terra and Veigel Farms and conducted the
foreclosure sale of the property, which was purchased by AAC for $20,000. When Robert
Veigel and Ella Veigel, who resided on the property, refused to surrender the property,
AAC initiated a forcible detainer action in justice court to which appellants responded by
initiating the instant suit in district court alleging, among other acts, wrongful foreclosure
on the property. Appellants' suit named Ag Services, AAC, and Mark Harmon as
defendants. The named defendants filed a motion for summary judgment and appellants
filed a motion for partial summary judgment. After a hearing, the trial court granted the
motion for summary judgment as it related to claims against Harmon and denied
appellants' motion for partial summary judgment. Harmon then moved for severance in
order to make the granting of summary judgment in his favor a final judgment.

 Appellants now appeal Harmon's final judgment contending that the trial court erred
in granting summary judgment because Harmon (1) never filed sworn pleadings as
required by section 51.007 of the Texas Property Code; (2) did not show, as a matter of
law, the absence of his liability because he relied on an extinguished deed of trust as his
authority to foreclose; and (3) failed to show that no genuine issue of material fact existed
regarding his liability. We affirm.

Issue One: Unsworn pleadings

 Statutory interpretation is a question of law. In re Canales, 52 S.W.3d 698, 701
(Tex. 2001). Our primary goal in interpreting a statute is to ascertain and to effectuate the
Legislature's intent. Id. In doing so, we begin with the statute's plain language before
resorting to rules of construction. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001); Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865-66 (Tex.
1999). We begin with the plain language because we assume that the Legislature tried to
say what it meant; therefore, the statute's words should be the surest guide to the
Legislature's intent. Fitzgerald, 996 S.W.2d at 866. When a statute is enacted, it is
presumed that the entire statute is intended to be effective and that a just and reasonable
result is intended. See Tex. Gov't Code Ann. § 311.021(2)-(3) (Vernon 1998). In
ascertaining legislative intent, we do not confine our review to isolated statutory words,
phrases, or clauses, but we instead examine the entire act. Meritor Auto., Inc. v. Ruan
Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001). See also Tex. Gov't Code Ann. § 311.011
(Vernon 1998) (instructing courts to construe words and phrases in context). Some factors
that can be considered in construing a statute, whether or not the statute is ambiguous on
its face, are the object sought to be attained and the consequences of a particular
construction. Tex. Gov't Code Ann. § 311.023(1), (5) (Vernon 1998).

 In this case, the statutory provision in question is section 51.007 of the Texas
Property Code, which states: 

(a) The trustee named in a suit or proceeding may plead in the answer that
the trustee is not a necessary party by a verified denial stating the basis for
the trustee's reasonable belief that the trustee was named as a party solely
in the capacity as a trustee under a deed of trust, contract lien, or security
instrument.


Tex. Prop. Code Ann. § 51.007 (Vernon 1998). Although appellants contend that Harmon,
acting as substitute trustee for Ag Services, was required to verify any defense to
appellants' suit, section 51.007 of the Texas Property Code requires a verified denial only
if Harmon contends that he was not a necessary party to the suit. In his motion for
summary judgment, Harmon does not contend he was not a necessary party. In contrast,
Harmon requested summary judgment contending that appellants' claims were barred by
a previous bankruptcy order, appellants failed to present genuine issues of material fact
showing wrongful foreclosure, appellants failed to show that AAC's title was void, and
appellants failed to demonstrate Harmon's liability as substitute trustee. We conclude that
Harmon's request for summary judgment was not required to be verified under section
51.007 of the Texas Property Code because the motion for summary judgment does not
raise the issue of Harmon's status as a necessary party. Thus, the trial court did not err 
in granting Harmon's summary judgement notwithstanding the lack of verified pleadings.

Issue Two: Harmon's authority to initiate foreclosure proceedings


 When both parties move for summary judgment and the trial court grants one
motion and denies the other, the appellate court reviews the summary judgment evidence
of both parties, determines all questions presented, and renders the judgment that the trial
court should have rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex.
1999).

 An agreement between litigating parties is contractual. See Wagner v. Warnasch,
156 Tex. 334, 295 S.W.2d 890, 893 (Tex. 1956). In construing a written contract, the
primary concern of the court is to ascertain the true intentions of the parties as expressed
in the instrument. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). To achieve this
objective, courts should examine and consider the entire writing in an effort to harmonize
and give effect to all the provisions of the contract so that none will be rendered
meaningless. Id. No single provision taken alone will be given controlling effect; rather,
all the provisions must be considered with reference to the whole instrument. Id. 

 Appellants' contention is that the reorganization plans extinguished the deed of trust
and, thus, the deed of trust could not authorize Harmon to proceed with a foreclosure. As
support, appellants direct our attention to Paragraph 6.01 of the reorganization plans which
state, "[c]onsistent with Section 1141(d)(1) of the Bankruptcy Code, the Debtor shall
receive a discharge of and from any debt that arose before the date of confirmation. . . ." 
However, the reorganization plans do not discharge the debt secured by the deed of trust,
but rather modify and incorporate the terms of the debt secured by the deed of trust within
the reorganization plans. Under Article III, paragraph 10, the reorganization plans lists
events that would constitute default and specifically detail Terra and Veigel Farm's
obligation to continue performance of any of the convenants and conditions of the loan
documents evidencing Ag Services's claim, including the deed of trust. In addition,
paragraph 11(c) details Ag Services's cure provisions as "all rights and remedies provided
under Texas law," which would include the right to judicial and nonjudicial foreclosure. See
Tex. Prop. Code Ann. § 51.002 (Vernon 1998); Edmundson Inv. Co. v. Fla. Treco, Inc.,
633 S.W.2d 599, 601-02 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.). As to
appellants' contention that the deed of trust did not continue because the reorganization
plans modified the loan terms, we observe that the reorganization plans and the Agreed
Orders recalculated the indebtedness and specifically provided in paragraph 11 (cure
provisions under Texas law) that Ag Services would be entitled to pursue collection of the
recalculated amount. Reading the contract as a whole, we conclude that the
reorganization plans and Agreed Orders incorporated the debt secured by the deed of trust
and authorized Ag Services the remedy of collecting the recalculated indebtedness by any
remedy provided under Texas law, including nonjudicial foreclosure. Therefore, the trial
court did not err in concluding that Harmon did not incur liability for wrongful foreclosure
for proceeding under the authority of the deed of trust as incorporated into the
reorganization plans. Further, we conclude that the trial court did not err in denying
appellants' motion for partial summary judgment requesting the trial court to find that the
deed of trust was extinguished by the reorganization plans.

Issue Three: Traditional Summary Judgment 

 Summary judgments are reviewed de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). We apply the following standards in reviewing a traditional
summary judgment: (1) the movant has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must
be indulged in favor of the nonmovant and any doubts must be resolved in favor of the
nonmovant. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). 

 Appellants contend that the trial court erroneously granted Harmon summary
judgment because their cause of action raised several genuine issues of material fact 
involving notice requirements during a foreclosure proceeding, erroneous findings of
default justifying the initiation of foreclosure proceedings, and trustee liability arising from
the trustee's actions resulting in an unfair sale or grossly inadequate price during a
foreclosure. 

 Appellants' contention that Harmon did not provide proper notice involves several
different facts that Appellants believe are genuine issues of material fact. First, appellants
contend that Harmon "prematurely" presented notice of default because Terra and Veigel
Farms had received an extension to make payment on the outstanding loan. However, the
notice of default notified Terra and Veigel Farms that, in addition to the default on the
outstanding loan, Terra and Veigel Farms were also delinquent in its payment of ad
valorem taxes, which constituted a separate event of default under the reorganization
plans. Therefore, reviewing the facts in favor of the nonmovant, we conclude that,
although an issue may exist relating to the notice as it relates to payment of the
outstanding loan, there is no genuine issue of material fact that notice based on the
delinquent ad valorem taxes was timely.

 Next, appellants contend that Harmon's notice of acceleration was inadequate
because it did not provide notice of intent to accelerate nor was the notice unequivocal. 
However, by the parties' Agreed Orders, the parties agreed to the form of proper notice. 
See Micrea, Inc. v. Eureka Life Ins. Co. of Am., 534 S.W.2d 348, 357 (Tex.Civ.App.-Fort
Worth 1976, writ ref'd n.r.e.) (parties can waive notice of intent to accelerate by contract). 
Further, reviewing Harmon's notice of acceleration in the light most favorable to the
nonmovant, we conclude that the notice of acceleration unequivocally states that, because
Terra and Veigel Farm's default remained uncured after 30 days, all indebtedness in
connection with this matter was due and payable. Therefore, there is no genuine issue
of material fact regarding notice of acceleration.

 Appellants also contend that the notice of foreclosure was inadequate because the
notice was not sent to each obligor, specifically Grain Central Station and Veigel Cattle
Company. However, the parties agreed in the reorganization plans and the Agreed Orders
that notice sent to Terra and Veigel Farms would satisfy the notice requirements under
Texas law. Hence, Terra and Veigel Farms received actual notice of the foreclosure as
required by the reorganization plans. 

 Finally, appellants make a generalized point that Harmon failed to comply with non-
waivable notice requirements. However, other than the notice requirements discussed
above, appellants do not specify any additional requirements that Harmon failed to meet. 
Hence, any further issues regarding notice were waived by inadequate briefing. Tex. R.
App. P. 38.1(h). We conclude that Harmon complied with the notice requirements under
Texas law, the bankruptcy reorganization plans, and the parties' Agreed Orders. No
genuine issue of material facts exists as to the notice given by Harmon under the
reorganization plans and Agreed Orders.

 Appellants' next contention is that the foreclosure was wrongful since Terra and
Veigel Farms were not actually in default. Specifically, appellants claim that Terra and
Veigel Farms received an extension to pay off the late loan payment, and that the ad
valorem taxes had, in fact, been paid but misapplied to the wrong account by the tax office. 
However, it is undisputed that the tax records for the county showed the ad valorem taxes
for 2002 as delinquent as of the date of the notice of default. Hence, viewing the facts in
favor of the nonmovant, there are no genuine issues of material fact that Ag Services and
its agent, Harmon, had a valid basis for initiating foreclosure proceedings because the
delinquent ad valorem taxes did appear delinquent on the county tax records. 

 Additionally, appellants claim that Terra and Veigel Farms were unable to remit
funds to cure their default because they were not informed as to the exact amount owing. 
However, appellants have not identified any authority imposing such a duty on Harmon. 
See Sanders v. Shelton, 970 S.W.2d 721,726 (Tex.App.-Austin 1998, pet. denied). 
Therefore, even if Terra and Veigel Farms did not know the amount owing, we conclude
that appellants have failed to demonstrate that Harmon had a duty to inform Terra and
Veigel Farms of the amount owing. 

 Appellants' final contention to show that Harmon was not entitled to summary
judgment deals with Harmon's liability as a trustee during foreclosure proceedings. 
Specifically, appellants contend that Harmon inaccurately described the foreclosed
property at the sale which resulted in the property being sold at a grossly inadequate price
or led to an unfair sale. 

 A trustee must conduct a foreclosure sale fairly and not discourage bidding by acts
or statements made before or during the sale. See Peterson v. Black, 980 S.W.2d 818,
822 (Tex.App.-San Antonio 1998, no pet.); Pentad Joint Venture v. First Nat'l Bank of La
Grange, 797 S.W.2d 92, 96 (Tex.App.-Austin 1990, writ denied); Biddle v. Nat'l Old Line
Ins. Co., 513 S.W.2d 135, 138 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). However, the
trustee has no duty to take affirmative actions beyond that required by statute or the deed
of trust to ensure a fair sale. See Peterson, 980 S.W.2d at 822; First State Bank v.
Keilman, 851 S.W.2d 914, 924 (Tex.App.-Austin 1993, writ denied); Pentad Joint Venture,
797 S.W.2d at 96. A trustee's duties are fulfilled by complying with the deed of trust. First
State Bank, 851 S.W.2d at 925. A foreclosure sale may be rendered void if there exists
an irregularity, though slight, that caused or contributed to a sale for a grossly inadequate
price. See Sanders, 970 S.W.2d at 726. 

 Appellants contend that Harmon inaccurately described the auctioned property and,
thereby, affected the bidding process. Even if Harmon inaccurately described the property,
no evidence was presented to demonstrate that an irregularity in the property description
caused or contributed to lower bids, fewer bids, or a grossly inadequate price. Evidence
must exist that the irregularity caused or contributed to the sale of property for a grossly
inadequate price. Am. Sav. and Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587
(Tex. 1975). Viewing the evidence in favor of the nonmovant, appellants' contention that
the sales price was grossly inadequate is not supported by evidence considering that, in
addition to the sales price of $20,000, the property was sold encumbered by superior liens
of more than $3 million while the property had a fair market value of $5.7 million. See
Richardson v. Kent, 47 S.W.2d 420, 425 (Tex.Civ.App.-Dallas 1932, no writ) (a sales price
of more than fifty percent of property value is not grossly inadequate as a matter of law). 
Hence, we conclude that appellants have not shown a genuine issue of material fact on
whether Harmon's actions resulted in an unfair sale or, if an irregularity did occur, whether
the irregularity caused or contributed to a grossly inadequate price for the foreclosed
property.

 In reviewing the trial court's order granting Harmon's motion for summary judgment,
we note that appellants' contentions that genuine issues of material fact exist arise from
appellants' position that the trial court should have looked to the deed of trust as the
document authorizing foreclosure proceedings. However, we conclude that the
reorganization plans and Agreed Orders modified the terms of the debt secured by the 
deed of trust while incorporating and continued the authority of the deed of trust. To the
extent that differences exist between the terms of the original indebtedness and the terms
of the debt as modified by the reorganization plans and Agreed Orders, we conclude that
the reorganization plans and Agreed Orders take precedent as to foreclosure procedures
in this case. Therefore, we conclude that the trial court did not error in granting Harmon's
motion for summary judgment because appellants did not show that any genuine issues
of material fact precluded summary judgment in favor of Harmon.

Conclusion

 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

 Justice