NO. 07-06-0193-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2007
_____

TERRA XXI, LTD., VEIGEL FARM PARTNERS, D/B/A VEIGEL PARTNERS,
TERRA PARTNERS, VEIGEL FARMS, INC., VEIGEL CATTLE COMPANY,
ROBERT W. VEIGEL, ELLA MARIE VEIGEL, GRAIN CENTRAL STATION, INC.
D/B/A VEIGEL GRAIN COMPANY, VEIGEL-KIRK, INC., STEVE VEIGEL,
INDIVIDUALLY, STEVE VEIGEL, INC., BOB VEIGEL, INC.,
VICKI VEIGEL, INC.    APPELLANTS

V.

MARK HARMON, INDIVIDUALLY AND AS SUBSTITUTE TRUSTEE, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI-06B-015; HONORABLE ROLAND SAUL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**OPINION**


Appellants, Terra XXI, Ltd. (Terra); Veigel Farm Partners, d/b/a Veigel Farms, Inc.

(Veigel Farms); Terra Partners; Veigel Cattle Company; Robert W. Veigel; Ella Marie

Veigel; Grain Central Station, Inc., d/b/a Veigel Grain Company; Veigel-Kirk, Inc.; Steve

Veigel, Individually; Steve Veigel, Inc.; Bob Veigel, Inc.; and Vicki Veigel, Inc., (collectively,

"appellants"), appeal the granting of appellee's, Mark Harmon, motion for summary judgment and the denial of appellants' partial summary judgment motion. We affirm.

Background

In 1998, Terra and Veigel Farms borrowed funds from Ag Services of America, Inc. (Ag Services). In exchange for the funds, Terra granted a deed of trust for property located in Deaf Smith County to Ag Acceptance Corporation (AAC) as collateral. Terra and Veigel Farms filed for bankruptcy which culminated, in 2001, in a bankruptcy plan of reorganization ("reorganization plans") for each of the companies' debt, including Ag Services's outstanding loans to the two companies. As part of the bankruptcy proceedings, Ag Services and the companies agreed to and submitted Agreed Orders on objection of Ag Services to the reorganization plans ("Agreed Orders") in each of the two bankruptcy cases. These Agreed Orders were approved by the bankruptcy court.

In 2003, Ag Services, believing that Terra and Veigel Farms had defaulted on their loans and had failed to pay ad valorem taxes on the property, contacted Harmon to act as its trustee for foreclosure proceedings on the property deeded to AAC. In furtherance of the foreclosure, Harmon sent notice to Terra and Veigel Farms and conducted the foreclosure sale of the property, which was purchased by AAC for $20,000. When Robert Veigel and Ella Veigel, who resided on the property, refused to surrender the property, AAC initiated a forcible detainer action in justice court to which appellants responded by initiating the instant suit in district court alleging, among other acts, wrongful foreclosure on the property. Appellants' suit named Ag Services, AAC, and Mark Harmon as

defendants. The named defendants filed a motion for summary judgment and appellants filed a motion for partial summary judgment. After a hearing, the trial court granted the motion for summary judgment as it related to claims against Harmon and denied appellants' motion for partial summary judgment. Harmon then moved for severance in order to make the granting of summary judgment in his favor a final judgment.

Appellants now appeal Harmon's final judgment contending that the trial court erred in granting summary judgment because Harmon (1) never filed sworn pleadings as required by section 51.007 of the Texas Property Code; (2) did not show, as a matter of law, the absence of his liability because he relied on an extinguished deed of trust as his authority to foreclose; and (3) failed to show that no genuine issue of material fact existed regarding his liability. We affirm.

Issue One: Unsworn pleadings

Statutory interpretation is a question of law. In re Canales, 52 S.W.3d 698, 701 (Tex. 2001). Our primary goal in interpreting a statute is to ascertain and to effectuate the Legislature's intent. Id. In doing so, we begin with the statute's plain language before resorting to rules of construction. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865-66 (Tex. 1999). We begin with the plain language because we assume that the Legislature tried to say what it meant; therefore, the statute's words should be the surest guide to the Legislature's intent. Fitzgerald, 996 S.W.2d at 866. When a statute is enacted, it is presumed that the entire statute is intended to be effective and that a just and reasonable

3

result is intended.  See Tex. Gov't Code Ann. § 311.021(2)-(3) (Vernon 1998).  In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act.  Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001).  See also Tex. Gov't Code Ann. § 311.011 (Vernon 1998) (instructing courts to construe words and phrases in context).  Some factors that can be considered in construing a statute, whether or not the statute is ambiguous on its face, are the object sought to be attained and the consequences of a particular construction.  Tex. Gov't Code Ann. § 311.023(1), (5) (Vernon 1998).

In this case, the statutory provision in question is section 51.007 of the Texas Property Code, which states:

(a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

Tex. Prop. Code Ann. § 51.007 (Vernon 1998).  Although appellants contend that Harmon, acting as substitute trustee for Ag Services, was required to verify any defense to appellants' suit, section 51.007 of the Texas Property Code requires a verified denial only if Harmon contends that he was not a necessary party to the suit.  In his motion for summary judgment, Harmon does not contend he was not a necessary party.  In contrast, Harmon requested summary judgment contending that appellants' claims were barred by a previous bankruptcy order, appellants failed to present genuine issues of material fact showing wrongful foreclosure, appellants failed to show that AAC's title was void, and

4

appellants failed to demonstrate Harmon's liability as substitute trustee. We conclude that Harmon's request for summary judgment was not required to be verified under section 51.007 of the Texas Property Code because the motion for summary judgment does not raise the issue of Harmon's status as a necessary party. Thus, the trial court did not err in granting Harmon's summary judgement notwithstanding the lack of verified pleadings.

### Issue Two: Harmon's authority to initiate foreclosure proceedings

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews the summary judgment evidence of both parties, determines all questions presented, and renders the judgment that the trial court should have rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999).

An agreement between litigating parties is contractual. See Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893 (Tex. 1956). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. Id. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. Id.

Appellants' contention is that the reorganization plans extinguished the deed of trust and, thus, the deed of trust could not authorize Harmon to proceed with a foreclosure. As

5

support, appellants direct our attention to Paragraph 6.01 of the reorganization plans which state, "[c]onsistent with Section 1141(d)(1) of the Bankruptcy Code, the Debtor shall receive a discharge of and from any debt that arose before the date of confirmation. . . ." However, the reorganization plans do not discharge the debt secured by the deed of trust, but rather modify and incorporate the terms of the debt secured by the deed of trust within the reorganization plans. Under Article III, paragraph 10, the reorganization plans lists events that would constitute default and specifically detail Terra and Veigel Farm's obligation to continue performance of any of the convenants and conditions of the loan documents evidencing Ag Services's claim, including the deed of trust. In addition, paragraph 11(c) details Ag Services's cure provisions as "all rights and remedies provided under Texas law," which would include the right to judicial and nonjudicial foreclosure. See TEX. PROP. CODE ANN. § 51.002 (Vernon 1998); Edmundson Inv. Co. v. Fla. Treco, Inc., 633 S.W.2d 599, 601-02 (Tex.App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.). As to appellants' contention that the deed of trust did not continue because the reorganization plans modified the loan terms, we observe that the reorganization plans and the Agreed Orders recalculated the indebtedness and specifically provided in paragraph 11 (cure provisions under Texas law) that Ag Services would be entitled to pursue collection of the recalculated amount. Reading the contract as a whole, we conclude that the reorganization plans and Agreed Orders incorporated the debt secured by the deed of trust and authorized Ag Services the remedy of collecting the recalculated indebtedness by any remedy provided under Texas law, including nonjudicial foreclosure. Therefore, the trial court did not err in concluding that Harmon did not incur liability for wrongful foreclosure for proceeding under the authority of the deed of trust as incorporated into the

6

reorganization plans. Further, we conclude that the trial court did not err in denying appellants' motion for partial summary judgment requesting the trial court to find that the deed of trust was extinguished by the reorganization plans.

## Issue Three: Traditional Summary Judgment

Summary judgments are reviewed *de novo.* Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). We apply the following standards in reviewing a traditional summary judgment: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985)).

Appellants contend that the trial court erroneously granted Harmon summary judgment because their cause of action raised several genuine issues of material fact involving notice requirements during a foreclosure proceeding, erroneous findings of default justifying the initiation of foreclosure proceedings, and trustee liability arising from the trustee's actions resulting in an unfair sale or grossly inadequate price during a foreclosure.

Appellants' contention that Harmon did not provide proper notice involves several different facts that Appellants believe are genuine issues of material fact. First, appellants

contend that Harmon "prematurely" presented notice of default because Terra and Veigel Farms had received an extension to make payment on the outstanding loan. However, the notice of default notified Terra and Veigel Farms that, in addition to the default on the outstanding loan, Terra and Veigel Farms were also delinquent in its payment of ad valorem taxes, which constituted a separate event of default under the reorganization plans. Therefore, reviewing the facts in favor of the nonmovant, we conclude that, although an issue may exist relating to the notice as it relates to payment of the outstanding loan, there is no genuine issue of material fact that notice based on the delinquent ad valorem taxes was timely.

Next, appellants contend that Harmon's notice of acceleration was inadequate because it did not provide notice of intent to accelerate nor was the notice unequivocal. However, by the parties' Agreed Orders, the parties agreed to the form of proper notice. See Micrea, Inc. v. Eureka Life Ins. Co. of Am., 534 S.W.2d 348, 357 (Tex.Civ.App.–Fort Worth 1976, writ ref'd n.r.e.) (parties can waive notice of intent to accelerate by contract). Further, reviewing Harmon's notice of acceleration in the light most favorable to the nonmovant, we conclude that the notice of acceleration unequivocally states that, because Terra and Veigel Farm's default remained uncured after 30 days, all indebtedness in connection with this matter was due and payable. Therefore, there is no genuine issue of material fact regarding notice of acceleration.

Appellants also contend that the notice of foreclosure was inadequate because the notice was not sent to each obligor, specifically Grain Central Station and Veigel Cattle Company. However, the parties agreed in the reorganization plans and the Agreed Orders

8

that notice sent to Terra and Veigel Farms would satisfy the notice requirements under Texas law. Hence, Terra and Veigel Farms received actual notice of the foreclosure as required by the reorganization plans.

Finally, appellants make a generalized point that Harmon failed to comply with non-waivable notice requirements. However, other than the notice requirements discussed above, appellants do not specify any additional requirements that Harmon failed to meet. Hence, any further issues regarding notice were waived by inadequate briefing. TEX. R. APP. P. 38.1(h). We conclude that Harmon complied with the notice requirements under Texas law, the bankruptcy reorganization plans, and the parties' Agreed Orders. No genuine issue of material facts exists as to the notice given by Harmon under the reorganization plans and Agreed Orders.

Appellants' next contention is that the foreclosure was wrongful since Terra and Veigel Farms were not actually in default. Specifically, appellants claim that Terra and Veigel Farms received an extension to pay off the late loan payment, and that the ad valorem taxes had, in fact, been paid but misapplied to the wrong account by the tax office. However, it is undisputed that the tax records for the county showed the ad valorem taxes for 2002 as delinquent as of the date of the notice of default. Hence, viewing the facts in favor of the nonmovant, there are no genuine issues of material fact that Ag Services and its agent, Harmon, had a valid basis for initiating foreclosure proceedings because the delinquent ad valorem taxes did appear delinquent on the county tax records.

Additionally, appellants claim that Terra and Veigel Farms were unable to remit funds to cure their default because they were not informed as to the exact amount owing. However, appellants have not identified any authority imposing such a duty on Harmon. See Sanders v. Shelton, 970 S.W.2d 721,726 (Tex.App.–Austin 1998, pet. denied). Therefore, even if Terra and Veigel Farms did not know the amount owing, we conclude that appellants have failed to demonstrate that Harmon had a duty to inform Terra and Veigel Farms of the amount owing.

Appellants' final contention to show that Harmon was not entitled to summary judgment deals with Harmon's liability as a trustee during foreclosure proceedings. Specifically, appellants contend that Harmon inaccurately described the foreclosed property at the sale which resulted in the property being sold at a grossly inadequate price or led to an unfair sale.

A trustee must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale. See Peterson v. Black, 980 S.W.2d 818, 822 (Tex.App.–San Antonio 1998, no pet.); Pentad Joint Venture v. First Nat'l Bank of La Grange, 797 S.W.2d 92, 96 (Tex.App.–Austin 1990, writ denied); Biddle v. Nat'l Old Line Ins. Co., 513 S.W.2d 135, 138 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). However, the trustee has no duty to take affirmative actions beyond that required by statute or the deed of trust to ensure a fair sale. See Peterson, 980 S.W.2d at 822; First State Bank v. Keilman, 851 S.W.2d 914, 924 (Tex.App.-Austin 1993, writ denied); Pentad Joint Venture, 797 S.W.2d at 96. A trustee's duties are fulfilled by complying with the deed of trust. First State Bank, 851 S.W.2d at 925. A foreclosure sale may be rendered void if there exists

an irregularity, though slight, that caused or contributed to a sale for a grossly inadequate price. See Sanders, 970 S.W.2d at 726.

Appellants contend that Harmon inaccurately described the auctioned property and, thereby, affected the bidding process. Even if Harmon inaccurately described the property, no evidence was presented to demonstrate that an irregularity in the property description caused or contributed to lower bids, fewer bids, or a grossly inadequate price. Evidence must exist that the irregularity caused or contributed to the sale of property for a grossly inadequate price. Am. Sav. and Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1975). Viewing the evidence in favor of the nonmovant, appellants' contention that the sales price was grossly inadequate is not supported by evidence considering that, in addition to the sales price of $20,000, the property was sold encumbered by superior liens of more than $3 million while the property had a fair market value of $5.7 million. See Richardson v. Kent, 47 S.W.2d 420, 425 (Tex.Civ.App.–Dallas 1932, no writ) (a sales price of more than fifty percent of property value is not grossly inadequate as a matter of law). Hence, we conclude that appellants have not shown a genuine issue of material fact on whether Harmon's actions resulted in an unfair sale or, if an irregularity did occur, whether the irregularity caused or contributed to a grossly inadequate price for the foreclosed property.

In reviewing the trial court's order granting Harmon's motion for summary judgment, we note that appellants' contentions that genuine issues of material fact exist arise from appellants' position that the trial court should have looked to the deed of trust as the document authorizing foreclosure proceedings. However, we conclude that the

11

reorganization plans and Agreed Orders modified the terms of the debt secured by the deed of trust while incorporating and continued the authority of the deed of trust. To the extent that differences exist between the terms of the original indebtedness and the terms of the debt as modified by the reorganization plans and Agreed Orders, we conclude that the reorganization plans and Agreed Orders take precedent as to foreclosure procedures in this case. Therefore, we conclude that the trial court did not error in granting Harmon's motion for summary judgment because appellants did not show that any genuine issues of material fact precluded summary judgment in favor of Harmon.

## Conclusion

For the foregoing reasons, we affirm.


Mackey K. Hancock
Justice