NO. 07-10-0198-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 22, 2012
_____

MIKE KING, APPELLANT

V.

BRUCE R. HILL, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-545,648; HONORABLE LES HATCH, JUDGE
_____

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Presenting a sole issue, Appellant, Mike King, challenges the trial court's final summary judgment rendered in a wrongful foreclosure suit in favor of Appellee, Bruce R. Hill. King maintains the no-evidence summary judgment was improper because Hill violated sections 51.002 and 51.004 of the Texas Property Code[2] by failing to convene

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[2]We do not address section 51.004 because it applies only to judicial foreclosures and the underlying sale was a non-judicial foreclosure sale.

the foreclosure sale in the proper location as mandated by the Lubbock County Commissioners Court. He argues a fact issue exists on whether this irregularity in the sale produced a grossly inadequate sales price. Agreeing that a fact issue exists, we reverse and remand.

## BACKGROUND FACTS

In 1984, approximately 24 years prior to the events in question, Hill sold the residential property in question to King. Although a majority of the purchase price was acquired through traditional bank financing secured by a first lien, Hill financed a minor portion of the purchase price secured by a second lien for $15,800.

On November 4, 2008, according to a portion of the Foreclosure Sale Transcript, Hill's attorney, serving as substitute trustee, convened a public auction at an area other than the areas designated by the Lubbock County Commissioners Court and held a non-judicial foreclosure sale of the property. The only bidder at the auction was Hill,[3] and he acquired the property for a credit bid of $10,000.[4] The appraised value of the property for tax purposes was $79,659. King filed suit against Hill for wrongful foreclosure which was defeated by the granting of a no-evidence motion for summary judgment.[5]

---

[3]Although page 3 of the Foreclosure Sale Transcript lists the names of two individuals, discovery reveals that Hill was the only bidder. The record does not contain an explanation of the significance of the two names listed.

[4]There was no summary judgment evidence offered by either Hill or King as to the balance, if any, owing on the promissory obligation secured by the first lien.

[5]Hill's no-evidence motion for summary judgment was initially denied by the Honorable Blair Cherry, sitting by assignment. Hill then filed a motion for rehearing which resulted in the Honorable Les Hatch granting the no-evidence motion.

## NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT
## STANDARD OF REVIEW

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *See Merrell Dow Pharms, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Once the motion is filed, the burden shifts to the non-movant to present evidence raising an issue of material fact as to the elements specified in the motion. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See Wilson*, 249 S.W.3d at 426.

The non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i), Notes and Comments (1997); *Wilson*, 249 S.W.3d at 426. We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

## DISCUSSION

To prevail in a wrongful foreclosure suit, a party must establish (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal

connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.--Corpus Christi 2008, no pet.). Pursuant to section 51.002 of the Texas Property Code,[6] in 2004, the Lubbock County Commissioners changed the designated areas for foreclosure sales to be:

> the Gazebo located on the front lawn of the County Courthouse, with the first alternate location being the second floor auditorium at 916 Main and the second alternate location being the Commissioners' Court located on the fifth floor of the Courthouse.

According to the summary judgment evidence, the foreclosure sale occurred at the "west door entrance area of the Lubbock County Courthouse at 904 Broadway, Lubbock, Lubbock County, Texas." The failure to conduct a foreclosure sale at the designated location for such sales is a defect in the foreclosure sale proceedings. In 2008, the Lubbock Central Appraisal District valued the real property at issue at $79,659. The selling price at the non-judicial foreclosure sale was a credit bid of $10,000.

At the hearing on Hill's motion for rehearing on the trial court's denial of his no-evidence motion for summary judgment, Hill's counsel re-urged the motion arguing:

> [h]ere, Judge, I have looked through the response. There is absolutely no evidence, nothing in there that tries to connect the alleged failure to hold the sale in the right place with the sale price. Even if I give up on grossly inadequate, I give up on it was not held in the right place, you still have to

---

[6]Section 51.002 provides in relevant part:

[a] sale of real property under power of sale conferred by a deed of trust or other contract lien must be a public sale at auction held between 10 a.m. and 4 p.m. of the first Tuesday of a month. . . . The commissioners court shall designate the area at the courthouse where the sales are to take place and shall record the designation in the real property records of the county. *The sale must occur in the designated area*. (Emphasis added.)

4

have causation and some evidence. You know, it doesn't have to be a lot, but some evidence. It wasn't even addressed.

The crux of Hill's argument at that hearing and here on appeal is that there is no evidence to support the final element of a wrongful foreclosure action, to-wit: a causal connection between the location of the sale and the grossly inadequate selling price. Hill relies heavily on this Court's opinion in *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex.App.--Amarillo 2007, pet. denied). In *Terra*, this Court held that there must be evidence to demonstrate that an irregularity in a foreclosure sale caused or contributed to the sale of property for a grossly inadequate price. *Id.* at 788. *Terra*, however, dealt with an irregularity in the legal description of the foreclosure property, not the location of the actual foreclosure sale. While we agree with Hill on our holding in *Terra*, we disagree with his contention that King offered no summary judgment evidence on the causation element of his wrongful foreclosure suit.[7]

It is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made. *American Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). There must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price. *Id.*

Here, the summary judgment evidence demonstrates (1) the auction was held at a location other than those approved by the Commissioners Court, (2) the $10,000 bid was well below the appraised value of $79,659, (3) Hill was a lien holder of the property,

---

[7]Hill contends the trial court erroneously overruled his objections to the sufficiency of King's affidavit. However, as appellee, Hill was required to file a cross-appeal to complain about the trial court's ruling and did not do so. *See Davis v. City of Grapevine*, 188 S.W.3d 748, 753 (Tex.App.--Fort Worth 2006, pet. denied). As such, King's affidavit constitutes competent summary judgment evidence.

(4) his attorney was the substitute trustee who conducted the foreclosure sale, and (5) Hill was the only bidder at the auction.

King contends that the lack of any bidders other than Hill is evidence that conducting the sale in the wrong place chilled the sale, resulting in a grossly inadequate selling price. In *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex.App.--Houston [14th Dist.] 1989, writ denied), Charter had made loans to Stevens for commercial real estate purposes. When Charter gave notice of its intent to foreclose after Stevens was faced with business hardships, one of the tenants of the commercial property contacted Charter, expressed an interest in purchasing the property at the foreclosure sale, and made arrangements for financing. Charter's representative promised to contact the tenant but failed to do so and, as the sole bidder at the foreclosure sale, Charter obtained the property. Charter's outside counsel served as substitute trustee. The tenant filed a wrongful foreclosure suit in which Stevens intervened. Judgment was awarded to Stevens for the difference between the fair market value as found by the jury and the stipulated indebtedness due to Charter. *Id.* at 370. The judgment was affirmed on appeal. *Id* at 376. In tracing Texas law on wrongful foreclosure, the court in *Charter* noted that the means for finding a causal connection between irregularities of the sale and inadequacy of selling price is described in *Allen v. Pierson*, 60 Tex. 604 (1884).[8] *Charter Nat'l Bank-Houston*, 781 S.W.2d at 372. The court noted, "[u]nder our system it is a question of fact to be determined from the evidence whether or not the irregularity had any influence upon the

---

[8]*Allen* involved the judicial dilemma centered on the need to balance fairness for the deprived landowner with the possible poisoning of future sheriff's sales to the general detriment of society.

consideration for which the property sold. It is not a matter of law to be assumed by the court." *Id.* at 374.

King was not required to marshal his proof for purposes of a summary judgment hearing. Based on the record before us, we find there is sufficient summary judgment evidence which would enable reasonable and fair-minded jurors to differ in their conclusions as to whether the failure to conduct the foreclosure sale at the location designated for such sales chilled the bidding process by excluding other potential bidders, thereby causing or contributing to a grossly inadequate selling price, thus creating a fact issue. King's sole issue is sustained.

## CONCLUSION

Accordingly, the trial court's final summary judgment rendered in favor of Hill and ordering that King take nothing is reversed and the cause is remanded to the trial court for further proceedings.

Patrick A. Pirtle
Justice