

NUMBER 13-17-00437-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

RICARDO VAIZ AND
MARIA F. VAIZ,                                                    Appellants,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, AURORA BANK, FSB,
LEHMAN BROTHERS BANK FSB, AND
NATIONSTAR MORTGAGE LLC,                          Appellees.

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellants Ricardo and Maria Vaiz challenge the trial court's summary judgment

in favor of appellees Federal National Mortgage Association, Lehman Brothers Bank FSB,

Nationstar Mortgage LLC, and Aurora Bank, FSB, on the Vaiz's claims for breach of

contract and wrongful foreclosure. By four issues, that we construe as two, Vaiz complains that notice was not provided as required by contract or statute, and that the trial court erred by accepting an insufficient power of attorney. We affirm.

## I. BACKGROUND[1]

Appellants bought the property at issue[2] in 2007 and obtained a purchase money loan in the amount of $414,900 from Lehman Brothers. The promissory note provided:

> Unless applicable law requires a different method, any notice that must be given to me [the mortgage holder] under this Note will be given by delivering it or mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

The Deed of Trust provided separately:

> Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly required otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. . . . There may be only one designated notice address under this Security Instrument at any one time.

The property address in the Deed of Trust was West Cantu Road, Santa Rosa, Texas 78593 (the property address). The property is a rural single-family residence on ten acres outside of Harlingen. Lehman Brothers assigned the mortgage servicing obligations to Aurora Loan Services (Aurora) in September 2007.

On March 17, 2011, Aurora sent a default notice addressed to Maria and Ricardo

---

[1] The facts are taken from the exhibits attached to Nationstar's Motion for Summary Judgment and Business Records Affidavit, as well as the exhibits to Appellants' response.

[2] The property is described in the Deed of Trust as: "The North 10 acres of the West 20 acres out of the South 40 acres of Block 10, Cameron County Development Company's Subdivision, Cameron County, Texas, according to the map recorded in Volume 4, page 45, Map Records of Cameron County, Texas."

Vaiz at 1601 E. Mile 14 ½ N, Weslaco, Texas 78596-2466 (the Weslaco address) stating they were in arrears in the amount of $3,623.94 and giving them an opportunity to cure the default. Aurora sent ten additional default notices to Appellants at the Weslaco address between April 5, 2011 and May 15, 2012. Aurora sent five additional default notices not only to the property address but also to the Weslaco address between November 18, 2011 and May 15, 2012.

On June 15, 2012, American Consumer Advocates Law Group, Inc. (Law Group) sent a notice to Aurora by fax that stated:

> I hereby appoint **American Consumer Advocates Law Group, Inc. and its assignees** to discuss all matters concerning my payment assistance request with my Mortgage Company, named above. **American Consumer Advocates Law Group, Inc. and its assignees** is authorized to work out the terms of a payment agreement with my Mortgage Company, and to receive and inspect all information regarding my payment assistance request. I understand that I am solely responsible to review all information sent by my Mortgage Company to **American Consumer Advocates Law Group, Inc. and it's [sic] assignees** concerning my payment assistance request. (emphasis in original).

The notice was dated June 15, 2012, and titled, "**THIRD PARTY AUTHORIZATION LETTER**" (emphasis in original). The notice also identified the Law Group as the "**DESIGNATED AGENT"** and was signed by Appellants. The fax transmittal cover sheet showed that it was regarding "RICHARD VAIZ, LOA AND CEASE AND DESIST." Attached to the notice was a letter of representation from the Law Group which stated:

> Re: Attorney Representation

> To Whom It May Concern

> Allow this letter to serve as the official notification to AURORA that RICARDO VAIZ has retained our firm for the purpose of Loss Mitigation negotiation with your organization for the Client's mortgaged property

3

located at WEST CANTU RD, SANTA ROSA, TX 78593. *You are hereby instructed to cease and desist any collection efforts directly involving the Client.* In the exercise of Attorney-Client privilege, from this point until negotiations are concluded, any further contact regarding the matter of mortgage loan number 0047490545 should be directed *only* to the following:

American Consumer Advocates Law Group, Inc.
3001 Executive Drive, Suite 300
Clearwater, FL 33762
Ph. (877) 320-6950
Fx. (888) 252-5043

On behalf of the Client, we thank you in advance for your attention to this matter. Feel free to contact our firm if you have any questions regarding this instruction. (emphasis added).

On June 15, 2012, Aurora mailed a letter to Appellants at the Weslaco address advising them of the transfer of loan servicing to Nationstar Mortgage, LLC (Nationstar) effective July 1, 2012.

On July 15, 2012, Nationstar mailed Appellants a letter to 3001 Executive Dr., Suite 300, Clearwater, Florida 33762 (the Florida address) which stated the current amount due of over $13,000 and gave them an opportunity to cure. On that same date, Nationstar also sent a "Notice of Assignment, Sale, Or Transfer of Servicing Rights" letter to Richard Vaiz at the Florida address. On October 15, 2012, counsel for Nationstar sent a "Notice of Acceleration Enclosing Notice of Substitute Trustee's Sale" addressed to Ricardo Vaiz by first class and certified mail at the Florida address advising him that Nationstar accelerated the note and the Substitute Trustee's sale would be conducted on November 6, 2012, between 1:00 and 4:00 o'clock in the afternoon at the Cameron County Commissioner's Court.

Connie Medley, the substitute trustee appointed by Nationstar, issued a Substitute

Trustee's Deed that that set out the date of sale and certified compliance with the notice provisions of section 51.002 of the property code.   TEX. PROP. CODE ANN. § 51.002 (West, Westlaw 2017 through 1st C.S.).   The property was sold to Federal National Mortgage Association for $412,382.45.   Janice Vessella[3] provided an affidavit that was attached to Medley's Substitute Trustee's Deed in which Vessella swore

> the undersigned caused written notice of the proposed sale of the real property encumbered by said Deed of Trust scheduled for the 6th day of November 2012, to be mailed certified mail return receipt requested on each debtor obligated to pay the indebtedness secured by said Deed of Trust according to the records of such holder or agent at least twenty-one (21) days preceding the date of the scheduled sale.

Appellants filed suit in April 2013 in Cameron County seeking to set aside the foreclosure sale on the grounds that Nationstar failed to provide proper notices of default, opportunity to cure, acceleration, and foreclosure.   Appellants asserted claims for breach of contract and wrongful foreclosure.   Nationstar answered by general denial, asserted affirmative defenses, and sought attorneys' fees and costs.

In August 2014, Nationstar filed a no-evidence motion for summary judgment to which Appellants responded.   The trial court denied the motion in March 2015.

In February 2016, Nationstar filed a traditional motion for summary judgment. Appellants responded with two pieces of evidence, a 2010 notice from Aurora recognizing their Weslaco address and Ricardo Vaiz's affidavit stating neither he nor his wife received proper notice.   The trial court granted Nationstar's motion for summary judgment by order dated August 29, 2016.

---

[3] The record does not reflect Vessella's employer or identify her position or affiliation in these proceedings.

5

Nationstar filed a motion for entry of final judgment on December 22, 2016. Appellants responded, and the trial court granted Nationstar's motion for entry of final judgment on June 2, 2017.[4]   Appellants filed this appeal.

## II.   SUMMARY JUDGMENT

By issues one and three, Appellants challenge the trial court's grant of summary judgment on the grounds that they did not receive notice of acceleration and foreclosure and that Nationstar's notice did not comply with Chapter 51 of the Texas Property Code because Maria Vaiz was not given notice.   In response, Nationstar argued Appellants failed to challenge all possible grounds that supported the trial court's general grant of summary judgment.   *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).   Nationstar further argues that notice was proper.

### A.    Standard of Review

We review the trial court's granting of a motion for summary judgment de novo. *Cantey Hanger, LLP v. Boyd*, 467 S.W.3d 477, 481 (Tex. 2015); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).   When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.   TEX. R. CIV. P. 166a(c); *Cantey Hanger, LLP*, 467 S.W.3d at 481. The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.   *See Nalle Plastics Fam. Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 200 (Tex. App.—

---

[4] Although the judgment reflects a date of June 2, 2016, the court's file stamp reflects the correct year, 2017.

Corpus Christi 2013, pet. denied). In reviewing the grant of summary judgment, we must credit evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in his or her favor. *Cantey Hanger, LLP*, 467 S.W.3d at 481; *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr*, 776 S.W.2d at 569; *Garcia v. Tex. Cable Partners, L.P.*, 114 S.W.3d 561, 567 (Tex. App.—Corpus Christi 2003, no pet.). The non-movant must expressly present to the trial court in a written answer or response to the motion any reason for avoiding the movant's entitlement to summary judgment. TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 33.1(a)(1) (requiring that the record show that a claim was raised in the trial court in order to present it for appellate review); *see also D.R. Horton–Tex., Ltd. v. Market Int'l Ins. Co.,* 300 S.W.3d 740, 743 (Tex. 2009) (nonmovant "must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived").

## B.     Breach of Contract

Nationstar's summary judgment motion argued that the affidavits by the substitute trustee and Vessella provided prima facie evidence that the foreclosure was conducted pursuant to the requirements of the property code. In addition, Nationstar argued that Appellants' breach of contract claim failed because they did not establish that they were not in breach themselves.

### 1. Elements of Breach of Contract

The elements of a breach-of-contract action are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A breach occurs when a party fails or refuses to do something he has promised to do. *See Townewest Homeowners Ass'n v. Warner Comm'n Inc.*, 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ); *see also Coffman v. Coffman*, No. 13-12-00303-CV, 2014 WL 7465596 at *5 (Tex. App.—Corpus Christi Jan. 26, 2015, no pet.) (Mem. Op.).

### 2. Breach by Nonpayment

Appellants' original petition and motion to set aside sale of trustee alleged breach of contract based upon Nationstar's foreclosure without the required notice to Appellants. Nationstar's motion for summary judgment negated elements of Appellants' contract claim: 1) Appellants' prior breach by failing to make their mortgage payments which they admitted, and 2) by establishing that Nationstar's notice was proper. Appellants' response attached evidence that addressed only the notice issue. Neither Appellants' response nor the attached evidence addressed their prior breach.

We do not know whether the trial court granted summary judgment based upon Appellants' prior breach or on some other ground. Because Appellants did not challenge prior breach either in their written response or by their evidence, they have waived it as a basis for appeal. *See D.R. Horton–Tex., Ltd.*, 300 S.W.3d at 743. Accordingly, we

overrule in part Appellants' first and third issues as to their breach of contract claim. Tᴇx. R. Aᴘᴘ. P. 33.1(a).

## C. Wrongful Foreclosure

The elements of wrongful foreclosure are: 1) a defect in the foreclosure sale proceeding, 2) a grossly inadequate selling price, and 3) a causal connection between the defect and the grossly inadequate selling price. *See Sauceda v. GMAC Mtg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 787–88 (Tex. App.—Amarillo 2007, pet. denied).

Appellants' home was sold for $412,382.45. The property appraised at $498,000 in 2007 when the loan was made. In *Terra XXI*, the court cited *Richardson v. Kent* for the proposition that a price that exceeds 50% of the fair market value is not grossly inadequate as a matter of law. 279 S.W.3d at 787–88; *Richardson*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ). The sale here recovered roughly 82% of the appraised value of the property which is not "grossly inadequate." *Terra XXI*, 279 S.W.3d at 788; *Citizens Nat'l Bank of Lubbock v. Maxey*, 461 S.W.2d 138, 143 (Tex. Civ. App.—Amarillo 1970, writ ref'd n.r.e.) (holding that sale of stocks for over 60% of market value was not grossly inadequate despite contrary jury finding); *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 800, 813 (N.D. Tex. 2012) (finding summary judgment on the wrongful foreclosure was proper when the sale recovered over eighty percent of property's value).

Because Nationstar's summary judgment evidence negated an element of Appellants' wrongful foreclosure claim and Appellants did not provide evidence that raised

an issue of material fact on that element, the trial court properly granted summary judgment. TEX. R. CIV. P. 166a(c). We overrule Appellants' first and third issues in part as to their wrongful foreclosure claim.

### III. POWER OF ATTORNEY

By issues two and four, Appellants contend that the trial court improperly construed the letter from their attorney as a power of attorney. Because we affirm the summary judgment on breach of contract claim based upon Appellants' failure to challenge all of the grounds of Nationstar's motion for summary judgment, we need not address Appellants' power of attorney argument. Furthermore, this argument was not raised in the trial court and is therefore not preserved for review on appeal. *See* TEX. R. CIV. P. 166a(c); D.*R. Horton–Texas, Ltd.*, 300 S.W.3d at 743.

### IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
7th day of March, 2019.

10